UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
Nicole BROECKER, et al,

               *Plaintiff*,

      v.

New York City Department of Education,
et al,

               *Defendants*.
-----------------------------------X

**MEMORANDUM & ORDER**

21-CV-6387(KAM)(LRM)

**Kiyo A. MATSUMOTO, United States District Judge:**

        The 93 named Plaintiffs in the Amended Complaint
(collectively "Plaintiffs"), filed on January 10, 2022 (ECF No.
47, Am. Compl.), are employees of the New York City Department
of Education ("NYC DOE") and are members of various unions named
as Union Defendants.[1]  Named Defendants are the NYC DOE, the City
of New York, Meisha Porter, the Chancellor of the NYC DOE; the
United Federation of Teachers, Local 2, American Federation of
Teachers, AFL-CIO (collectively "UFT"); Michael Mulgrew,
President of the UFT; Counsel of Supervisors and Administrators
("CSA"), Mark Cannizzaro; District Council 37, AFSCME AFL-CIO,
Local 372 ("DC 37 Local 372"); Henry Garrido; Shaun D. Francois

---

[1] In two extensive decisions (ECF Nos. 33; 89), this Court denied both of
Plaintiffs' motions for a preliminary injunction after considering the
parties' submissions and conducting hearings.  Factual findings set forth in
the Court's decisions were based on the Parties' evidentiary submissions and
are noted where relevant.  The Court notes that the Plaintiffs submitted
their original complaint as an exhibit in their first motion for preliminary
injunction (ECF No. 2-8, Ex. B, Complaint), and submitted the operative
Amended Complaint as an exhibit in their second motion for preliminary
injunction (ECF No. 76-12, Ex. F, Amended Complaint).

I; District Council 37, AFSCME AFL-CIO, Local 1251 ("DC 37 Local

1251") (together with DC 37 Local 372, "DC 37"); Francine

Francis; Martin F. Scheinman, Scheinman Arbitration and

Mediation Services, and Scheinman Arbitration and Mediation

Services LLC (collectively, "Scheinman Defendants")

(collectively, "Defendants").  Defendants UFT, CSA, and DC 37

(collectively, "Union Defendants") are labor organizations

through which certain named Plaintiffs are covered by collective

bargaining agreements ("CBAs") with the NYC DOE.

Defendants NYC DOE and the City of New York are

entities responsible for implementing and enforcing a COVID-19

vaccination mandate (the "Vaccination Mandate") issued pursuant

to an Order from the New York City Commissioner of Health and

Mental Hygiene ("COH Order") on August 24, 2021, requiring that

all NYC DOE employees receive at least a first dose of a COVID-

19 vaccination by September 27, 2021, in order to work at NYC

DOE schools.  The Vaccination Mandate was revoked by the City of

New York on February 10, 2023 and is no longer in effect.[2]

An arbitrator, Defendant Scheinman, was appointed by

the New York State Public Employment Relations Board ("PERB") to

---

[2] *See* N.Y.C. Board of Health, Order Rescinding Orders Requiring COVID-19
Vaccination in Child Care and Early Intervention Programs, for Nonpublic
School Staff, and for Individuals Working in Certain Child Care Programs
(2023); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998)
("[A] district court may rely on matters of public record in deciding a
motion to dismiss under Rule 12(b)(6).")

mediate the impasse in the negotiations between the Union
Defendants and the NYC DOE regarding the New York Commissioner
of Health's COVID Vaccination Mandate and issued a binding
arbitration award ("Impact Arbitration Award") that resolved the
impasse and prescribed procedures for the NYC DOE to implement
the Vaccination Mandate.[3]

At the time the Amended Complaint had been filed on
January 10, 2022, Plaintiffs had not received at least one dose
of the COVID-19 vaccine, and had been suspended without pay, at
least temporarily, by the DOE. (ECF No. 47, Am. Compl. ¶ 118.)
Plaintiffs allege that the implementation of the Vaccination
Mandate and subsequent consequences violated (a) their
procedural Due Process rights, under the Due Process Clause of
the Fourteenth Amendment, (b) their statutory rights to their
due process protections under N.Y. Education Law §§ 3020-1 and
3020-a (for tenured employees) or N.Y. Civil Service Law § 75
(for permanent employees) and (c) their contractual rights to

---

[3] As noted by the Court in its November 24, 2021 Order, the Court found that
"the [initial] Impact Arbitration Award reached between the UFT and the Board
of Education of the City School District for the City of New York 'mirrors'
the agreements reached between the Board of Education of the City School
District for the City of New York and the CSA and DC 37" and would be
consolidating and incorporating its findings regarding the three identical
agreements ("Impact Arbitration Awards" or "Awards") in its November 24, 2021
Order. (ECF No. 33, Nov. 24, 2021 Order at 7, 8 n.2.)(quoting ECF No. 18,
O'Connor Decl. at C, Memorandum of Agreement DC 37, City of New York, and the
Board of Education of the City School District for the City of New York.)
The DOE's Motion to Dismiss memorandum also states that all three agreements
are identical in all relevant aspects for purposes of this case, and the
Court agrees. (ECF No. 116, DOE Mot. to Dismiss at 5 n.1.)

their due process protections through the applicable collective bargaining agreements ("CBA"). (ECF No. 47, Compl. ¶¶ 112, 119.) Plaintiffs also allege collusion and aiding and abetting by the Defendants under 42. U.S.C. § 1983. (*Id.* ¶ 113.)

In this case, Plaintiffs have twice moved unsuccessfully for a preliminary injunction and temporary restraining order: Plaintiffs filed their First Motion for Preliminary Injunction on November 17, 2021, and they filed their Second Motion for Preliminary Injunction on February 8, 2022. (ECF Nos. 2, First Motion for Preliminary Injunction[4]; 76, Second Motion for Preliminary Injunction[5].) Central to both of Plaintiffs' motions for preliminary injunctions and their Amended Complaint, is the Plaintiffs' claim that Defendant NYC DOE did not provide adequate procedural due process required by the Constitution and thus, should be enjoined and restrained by this Court from withholding pay or terminating the employment of DOE employees who failed to comply with the Vaccination Mandate. (ECF Nos. 2-10, First Motion for Preliminary Injunction Mem. at

---

[4] The First Motion for Preliminary Injunction included an affirmation from Plaintiffs' counsel Austin Graff, Esq. (ECF No. 2-1), supporting declarations from five Plaintiffs (ECF Nos. 2-2—6), and supporting exhibits (ECF No. 2-7—10, Ex. A, Plaintiff Email; Ex. B, Complaint, Ex. C, Graff Letter.)
[5] The Second Motion for Preliminary Injunction included an affirmation from Plaintiffs' counsel Austin Graff, Esq. (ECF No. 76-1), supporting declarations from five of the forty-three Plaintiffs facing termination on February 11, 2022 (ECF Nos. 76-2—6), and supporting exhibits (ECF No. 76-7—12, Ex. A, Termination Notices; Ex. B, Health Screening Questionnaire; Ex. C, Antibody Tests; Ex. D, PS I Love You Flyer; Ex. E, Indeed Post; Ex. F, the Amended Complaint.)

1; 76-13, Second Motion for Preliminary Injunction Mem. at 2; *see generally* Am. Compl. ¶ 442.)  After providing the parties with an opportunity to present evidence and submissions before, during, and after two show cause injunction hearings, Plaintiffs' First Motion for Preliminary Injunction was denied by this Court on November 24, 2021 (ECF No. 33), and Plaintiffs' Second Motion for Preliminary Injunction was denied on February 11, 2022 (ECF No. 89).  Before the Court are the Defendants' motions to dismiss the Plaintiffs' Amended Complaint.

For the reasons discussed below, Defendants' motions to dismiss are GRANTED.

## BACKGROUND

The Court first reviews the factual and procedural background of the Court's November 24, 2021 Memorandum and Order ("Nov. 24, 2021 Order") and the Court's February 11, 2022 Memorandum and Order ("Feb. 11, 2022 Order").  (ECF Nos. 33, Nov. 24, 2021 Order; 89, Feb 11, 2022 Order.)  The Court also reviews the operative Amended Complaint, accepting as true, for purposes of the Defendants' 12(b)(6) motions, the factual allegations in the Amended Complaint and drawing all reasonable inferences in Plaintiffs' favor.  *Melendez v. City of New York*, 16 F.4th 992, 1010 (2d Cir. 2021).  The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Drimal v. Tai*, 786 F.3d 219, 223 (2d. Cir. 2015)

(internal quotation marks omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in [an amended] complaint is inapplicable to legal conclusions.").

Moreover, Plaintiffs attached the operative Amended Complaint as an exhibit in their Second Motion for Preliminary Injunction. (*See* ECF No. 76-12, Second Motion for Preliminary Injunction, Ex. F, Am. Compl.) In any case, because "[i]n deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence," as well as the operative complaint and attached exhibits, the Court notes that in ruling on the Plaintiff's Second Motion for Preliminary Injunction, the Court has previously reviewed and considered the Amended Complaint and its exhibits in making its findings. *Doe v. Franklin Square Union Free Sch. Dist.*, 568 F. Supp. 3d 270, 282 (E.D.N.Y. 2021) (quotation and citation omitted), *appeal withdrawn*, No. 21-2759, 2022 WL 1316221 (2d Cir. Mar. 17, 2022). The Court summarizes the relevant facts below.

**1. First Motion for Preliminary Injunction**

The Court's November 24, 2021 Order denied the Plaintiffs' November 17, 2021 First Motion for Preliminary Injunction which sought to enjoin the NYC DOE from withholding pay from or terminating tenured principals, assistant principals, and teachers who failed to obtain a first dose of the vaccine, apply for a religious or medical exemption, or extend their leave without pay ("LWOP") status while retaining health benefits. (*See* ECF No. 33, Nov. 24, 2021 Order at 2-3.)

In the Court's November 24, 2021 Order, the Court found that the processes provided in the Impact Arbitration Award, which was negotiated and established by the NYC DOE and Union Defendants through the arbitration conducted by the Scheinman Defendants, provided Plaintiffs with "constitutionally adequate" pre- and post- deprivation processes. (*Id.* at 19.) In their First Motion for Preliminary Injunction, Plaintiffs failed to address the existence and effect of the Impact Arbitration Award reached between the NYC DOE and Union Defendants, which provided critical context for evaluating the Plaintiffs' first request for preliminary injunction and what

determining pre- and post- deprivation procedures were
negotiated and available to Plaintiffs.  (*Id*. at 14.)

       The Court's November 24, 2021 Order also noted that
Plaintiffs did not have standing to challenge the terms of the
Impact Arbitration Awards, and similar awards and agreements,
finding that employees represented by a union generally do not
have standing to challenge an arbitration proceeding to which
the union and the employer were the only parties.  (*Id*. at 15.)[6]
Nonetheless, the Court considered and concluded, on the record
before it, that the Impact Arbitration Award provided adequate
processes for pre- and post-deprivation notice and hearing.
(*Id*. at 17.)  Specifically, the Court stated in its November 24,
2021 Order:

> The NYC DOE, in compliance with the
> Vaccination Mandate and for compelling public
> health reasons, cannot permit noncompliant,
> unvaccinated employees, absent exemption or
> accommodation, to work at NYC DOE schools, and
> the NYC DOE has acted pursuant to the terms of
> the Impact Arbitration Award for placing
> noncompliant, nonexempt employees on LWOP.
> The Impact Arbitration Award clearly explains

---

[6] "First, it is dubious whether Plaintiffs have standing to challenge the
terms of the [Impact Arbitration Decision], because their respective union
representatives engaged on their behalf with the NYC DOE, which process
resulted in the arbitration awards and agreement.  *See Fleischer v. Barnard
Coll*., No. 20-4213, 2021 WL 5365581, at *4, n. 1 (2d Cir. Nov. 18, 2021)
(because a union represented the adjunct professor plaintiff in the
arbitration against the defendant, her employer college, plaintiff did not
have standing to challenge the arbitration proceeding directly under the
Federal Arbitration Act; she could only challenge the arbitration through her
claim against the union for breach of its duty of fair representation.)
(citing *Katir v. Columbia Univ*., 15 F.3d 23, 24-25 (2d Cir. 1994) ('[A]n
individual employee represented by a union generally does not have standing
to challenge an arbitration proceeding to which the union and the employer
were the only parties.')."

the "exclusive" processes established for
exemptions and accommodation requests and the
appeals process. (ECF No. 19-1, Impact
Arbitration Award, at pp. 6-13.) The Impact
Arbitration Award also clearly provides the
procedures for leave, including procedures for
extending LWOP, returning from LWOP, and a
section on pregnancy and parental leave. (*Id.*
at pp. 13-16.) Finally, the Impact
Arbitration Award describes the options for
separation, including on the part of the
employee as well as on the part of the NYC
DOE. (*Id.* at pp. 16-18.) Thus, the Impact
Arbitration Award provides adequate processes
for pre-deprivation notice and hearing.

An employee's right to be provided with an
opportunity to address concerns before a final
decision is made can be "accomplished through
informal procedures; no formal hearing [is]
required." *Ezekwo v. N.Y.C. Health & Hosps.
Corp.*, 940 F.2d 775, 786 (2d Cir. 1991). . .
. The procedures outlined in CBAs are
generally found to constitute adequate post
deprivation process. *See O'Connor v. Pierson*,
426 F.3d 187, 198 (2d Cir. 2005)[(collecting
cases)] . . . . Further, the Impact
Arbitration Award provides for an expedited
review process for exemptions and
accommodations, providing an opportunity to be
heard for Plaintiffs challenging their
placement on LWOP . . . . Finally, Plaintiffs,
after receiving multiple notices regarding the
Vaccination Mandate and after being notified
of the applicable dates, procedures, and
consequences regarding continued
noncompliance with the Vaccination Mandate,
could still have sought relief through an
Article 78 proceeding in New York State
Supreme Court. The Second Circuit has advised
that the Article 78 proceeding can provide a
sufficient post-deprivation remedy. *See
Hellenic Am. Neighborhood Action Comm. v. City
of New York*, 101 F.3d 877, 881 (2d Cir. 1996)

> ("an Article 78 proceeding is a perfectly
> adequate post-deprivation remedy.").

(*Id.* at 17–22)

## 2. The Operative Amended Complaint

On January 10, 2022, Plaintiffs filed the operative Amended Complaint, naming additional parties and attaching new exhibits.[7] (ECF No. 47, Am. Compl.)  The Amended Complaint that the Court considers in deciding the Defendants' instant motions to dismiss does not allege new causes of action.

In their Amended Complaint, as discussed, *infra*, Plaintiffs mischaracterize their requests for declaratory judgment and injunctive relief as the First through Sixth "causes of action."  Plaintiffs also assert a claim under 42 U.S.C. § 1983 against all Defendants for violating Plaintiffs' procedural due process rights and conspiracy claims against the individual Defendants for their roles in negotiating and agreeing to the Impact Arbitration Awards.  (*Id.* at ¶¶ 112–19, 135, 331–35, 338–52, 367–88, 403–25.)  Plaintiffs seek the following relief, including declaratory judgment as to the NYC DOE's allegedly violative suspension of Plaintiffs without pay and due process; declaratory judgment as to the allegedly

---

[7] The Amended Complaint (ECF No. 47) includes the following exhibits: (ECF No. 47-1-47-14, Ex. A, About the UFT; Ex. B, What is CSA; Ex. C, Local 371 Webpage; Ex. D, Local 1251 Webpage; Ex. E, UFT Arbitration Award; Ex. F, CSA Arbitration Award; Ex. G, Vaccination Mandate Order; Ex. H, NY Post Article; Ex. I, Declaration of Impasse; Ex. J, PERB Appointment, Ex. K, Klinger Email; Ex. L, Teachers CBA, Ex. M, DC 37 MOA, Ex. N, NYE DOE Release Form.)

illegal Arbitration Awards and agreements between the Defendant unions and the NYC DOE; declaratory judgment as to the allegedly coercive and void NYC DOE Release Forms signed by certain Plaintiffs;[8] collusion and aiding and abetting conspiracy claims under Title 42 U.S.C. § 1983 against the NYC DOE, the Union Defendants, and the Scheinman Arbitration and Mediation defendants; and injunctive relief against the NYC DOE for the alleged violation of Plaintiffs' procedural due process rights. (*See generally*, ECF No. 47, Am. Compl. ¶ 442.)

Accordingly, fundamental to the Court's consideration of Defendants' motions to dismiss are the available processes leading up to the termination of Plaintiffs' employment by the NYC DOE and whether those procedures satisfied Due Process. On January 31, 2022, the NYC DOE notified employees who had failed to receive a COVID-19 vaccine and also failed to either (1) apply for and receive a medical or religious accommodation, or (2) extend their LWOP status and continued medical benefits until September 2022, that their employment would terminate on

---

[8] The Court notes that in Plaintiffs' opposition memorandum, they assert that "none of the Defendants have sought to dismiss the Plaintiffs' Fifth Cause of Action" and that the Court should therefore not dismiss it. (ECF No. 126, Pls. Opp'n Mem. at 22.) Defendant NYC DOE moved to dismiss Plaintiffs' Amended Complaint in its entirety (ECF No. 116, DOE Mot. to Dismiss Mem. at 25) for the reasons discussed *supra*, the Court dismisses the Fifth Cause of Action for a failure to state a claim.

February 11, 2022.  (*See* ECF No. 76-7, Pls. Ex. A, Termination Notices.)[9]

### 3. Second Motion for Preliminary Injunction

On February 8, 2022, Plaintiffs filed their Second Motion for Preliminary Injunction, prompted by the DOE's notices of termination.  (ECF No. 76, Second Motion for Preliminary Injunction.)  The parties fully briefed the preliminary injunction by February 10, 2022. (ECF Nos. 79, NYC DOE Mem.; 79-2, App. B.; 82, Pls. Reply Mem.)[10]  Plaintiffs sought to enjoin, among other things, the NYC DOE from terminating their employment without due process, and to be restored to employment status with the NYC DOE, after having been placed on LWOP several months before on October 4, 2021 and having received notice of their impending termination on February 11, 2022 for failure to comply with the Vaccination Mandate.  (*See* ECF Nos. 76-13, Second Motion for Preliminary Injunction Mem.; 1-1, Am. Compl. Ex. A, Oct. 2, 2021, Email from NYC DOE; 76-7, Pls. Ex. A, Termination Notices.)  Plaintiffs also sought to enjoin the termination of their medical benefits on February 11, 2022,

---

[9] Of the ninety-three Plaintiffs, forty-three received termination notices and faced termination from their employment at the NYC DOE, effective on February 11, 2022.  (ECF No. 76-1, Graff Aff., n.1.)  Other Plaintiffs had already signed NYC DOE Release Forms which extended their LWOP status to September 2022.  (ECF No. 47, Am. Compl. ¶ 315.)

[10] The Defendants memorandum also included Appendix A providing copies of two relevant New York State Supreme Court Cases (ECF No. 79-2, App. A.), and Appendix B, providing the Affirmation of Dr. Michelle E. Morse, M.D., M.P.H., the Chief Medical Officer of the Department of Health and Mental Hygiene of the City of New York.  (ECF No. 79-2, App. B.; ECF No. 82, Pls. Reply Mem.)

despite having been notified of their ability by November 30, 2021, to extend their LWOP status and medical benefits through September 2022. (*See* ECF Nos. 76-13, Second Motion for Preliminary Injunction Mem.; 33, Nov. 24, 2021 Order at 21-22.)

The Court denied Plaintiffs' Second Motion for a Preliminary Injunction in its February 11, 2022 Order (ECF No. 89), because the Court found, as it did in the November 24, 2021 Order, that pre- and post-deprivation processes Plaintiffs were afforded regarding the Vaccination Mandate and its impact on Plaintiffs' continued employment and pay were constitutionally adequate. (ECF No. 89, Feb. 11, 2022 Order at 14-15, 33.) The Court noted that, "Importantly, the parties do not dispute that the [Impact Arbitration] Awards and the CBAs provided for expedited review processes for exemptions and accommodations, providing an opportunity to be heard for Plaintiffs challenging the deprivation of their pay." (*Id*. at 19.) The Court also noted that "none of the relevant parties, [including Plaintiffs], dispute that the Vaccination Mandate is lawful and requires all NYC DOE employees to be vaccinated, or to receive an exemption or accommodation," and that instead Plaintiffs alleged that the termination of employees pursuant to the

Vaccination Mandate was unlawful due to a lack of procedural due process. (*Id.* at 21-22.)

Citing to Second Circuit authority, the Court noted, "A procedural due process claim requires the plaintiff to establish (1) possession by the plaintiff of a protected liberty or property interest, and (2) deprivation of that interest without constitutionally adequate process. *See O'Connor v. Pierson*, 426 F.3d 187, 195-96 (2d Cir. 2005)." (*Id.* at 19.) The Court found that the NYC DOE had provided constitutionally sufficient pre- and post- deprivation procedures, to the Plaintiffs who were notified of being terminated or having pay withheld due to their failure to get the vaccine, and were provided procedures to seek relief. (*Id.* at 19.)

In its February 11, 2022 Order, the Court also reiterated its findings in the November 24, 2021 Order, and confirmed that, "Plaintiffs have not submitted any new or supplemental evidence in support of their instant motion that compels the Court to conclude that any of the adequate and available processes have been withheld from the Plaintiffs." (*Id.* at 16.) The Court specifically found that the Plaintiffs had a property interest in their continued employment and that:

> [First,] [t]he pre- and post-deprivation processes available to Plaintiffs, as described in the Court's November 24, 2021, Order, were made known to Plaintiffs well in advance of any action by the NYC DOE, and were

> and are available through their unions and
> through established state procedures.
>
> Second, the pre- and post-deprivation
> proceedings articulated in the Awards were
> incorporated into the Plaintiffs' collective
> bargaining agreements . . . The procedures
> outlined in CBAs are generally found to
> constitute adequate post-deprivation process
> . . . [and] Plaintiffs can still seek relief
> through Article 78 proceedings . . . . The
> Second Circuit has advised that the Article 78
> proceeding can provide a sufficient post
> deprivation remedy.

(*Id.* at 17-20.)

Accordingly, in its February 11, 2022 Order, the Court

held that the, "Vaccination Mandate is a lawful condition of

employment and, thus, upon termination, Plaintiffs have been

provided constitutionally adequate process under their

applicable CBAs as affected by the relevant Arbitration Awards

or agreements and all relevant state statutes." (*Id.* at 21.)

### 4. Defendants' Motions to Dismiss

On the same day that the Court denied Plaintiffs'

Second Motion for Preliminary Injunction, the Court set a pre-

motion conference for February 25, 2022 to schedule the

Defendants' anticipated motions to dismiss under Federal Rule of

Civil Procedure 12(b)(6) for failure to state a claim. (Feb.

11, 2022 Pre-Motion Conf. Order.) On May 24, 2022, the parties

fully briefed the Defendants' motions to dismiss, including the

Plaintiffs' consolidated opposition memorandum and each of the Defendants' respective replies.[11]

On July 7, 2022, the Plaintiffs filed for leave to provide supplemental briefing or amend their opposition brief to Defendants' motions to dismiss. (ECF No. 133, Pl. Letter.) The Defendants (except for DC 37) each responded by letter. (ECF Nos. 134 UFT/CSA Supp. Letter; 135, Scheinman Supp. Letter; 135, DOE Supp. Letter.) On July 12, 2022, the Court denied Plaintiff's motion for leave to file or amend their opposition memorandum, explaining that further briefing would not be necessary, though the Court would consider the letters already filed. (July 12, 2022 Order.) On February 13, 2023, in light of the City of New York's announcement that it had discontinued the Vaccination Mandate for municipal workers on February 10, 2023, the parties were ordered to advise the Court of their respective views as to which issues, if any, in this action have been mooted, and which issues remain. (Feb. 13, 2023 Order.) The parties responded by letter. (ECF Nos. 138, DOE 2d. Supp. Letter; 140, UFT/CSA 2d. Supp. Letter; 141, DC 37 2d. Supp. Letter; 142, Scheinman 2d. Supp. Letter.) The parties

---

[11] ECF Nos. 114, DOE Mot. to Dismiss; 115, DOE Decl.; 116, DOE Mot. to Dismiss Mem.; 117, DC 37 Mot. to Dismiss; 118, DC 37 Mot. to Dismiss Mem.; 119, DC 37 Reply; 121, CSA-UFT Mot. to Dismiss; 122, CSA-UFT Mot. to Dismiss Mem.; 124-124-4, Scheinman Mot. to Dismiss Mem. and exhibits attached thereto; 125, Pls. Decls.; 126, Pls. Opp'n Mem.; 127, DOE Reply; 128, CSA-UFT Reply; Scheinman Reply.

responded, all acknowledging that there remained at least some
live issues, given that employees who had been terminated for
failure to show proof of vaccination would not automatically be
reinstated to their prior positions with back pay.  (ECF Nos.
138; 140; 141; 142.)

## LEGAL STANDARD

        To survive a motion to dismiss pursuant to Rule
12(b)(6), a complaint must contain sufficient factual matter,
accepted as true, to "'state a claim to relief that is plausible
on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570,
(2007)).  "A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
conduct alleged."  *Id.*

        When considering a motion to dismiss under Rule
12(b)(6), a district court must "accept as true all factual
allegations in the complaint and draw all reasonable
inferences in favor of the non-moving party."  *Pollok v. Chen,*
806 F. App'x 40, 44 (2d Cir. 2020) (citation omitted) (summary
order).  In considering a 12(b)(6) motion, the Court may refer
to "documents attached to [the complaint] or incorporated in it
by reference, documents 'integral' to the complaint and relied
upon [by the plaintiff], and facts of which judicial notice may

17

properly be taken . . .″  *Grant v. Cnty. of Erie*, 542 F. App'x 21, 23 (2d Cir. 2013) (summary order); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (clarifying that "a plaintiff's *reliance* on the terms and effect of document in drafting the complaint is a necessary prerequisite to the court's consideration of a document on a dismissal motion; mere notice of possession is not enough.") (emphasis in original).

"[A] district court may [also] rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)[.]"  *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998).  In taking judicial notice of such public records, the Court does so only to establish "the fact of such litigation," not for the truth of the matters asserted in that proceeding.  *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings." (internal quotation marks omitted)).

## **DISCUSSION**

### I.  **Declaratory Judgment and Injunctive Relief**

In Plaintiffs' Amended Complaint, the first through fifth causes of action request a declaratory judgment, presumably under the Declaratory Judgment Act ("DJA"), and the sixth cause of action requests injunctive relief.  (ECF No. 47, Am. Compl. ¶¶ 272-327.)  The DJA "provides a remedy, not a cause of action." *KM Enters., Inc. v. McDonald*, No. 11-CV-5098 (ADS) (ETB), 2012 WL 4472010, at *19 (E.D.N.Y. Sept. 25, 2012), *aff'd*, 518 F. App'x 12 (2d Cir. 2013) (summary order).  "Similarly to declaratory relief, a request for injunctive relief is not a separate cause of action." *Id.* at *20 (alteration and internal quotation marks omitted); *see also Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406-07 (S.D.N.Y. 2010) ("Declaratory judgments and injunctions are remedies, not causes of action.") (collecting cases).  Because Plaintiffs' first through sixth causes of action request remedies, rather than plead facts to support separate causes of action, the first through sixth causes of action are dismissed for failure to state a claim.[12]

The Court will now discuss its prior findings and final conclusions in its Orders dated November 24, 2021 and February 11, 2022 about the Plaintiffs' underlying procedural due process claims and § 1983 conspiracy claims.

## II.   The Court's Prior Legal Findings

Plaintiffs allege in their Amended Complaint that, "[t]his is a civil action seeking injunctive relief, declarative judgment relief to protect the Plaintiffs' constitutional rights to due process and property rights (U.S. Constitution, Fourteenth Amendment). . . . [and] a monetary damages award on behalf of the Plaintiffs and against the Defendants pursuant to 42 U.S.C. § 1983 for a conspiracy to violate the Plaintiffs' constitutional rights to due process and property rights (U.S. Constitution, Fourteenth Amendment)."  (ECF No. 47, Am. Compl. ¶¶ 112-13.)  Thus, the primary question the Court must again answer in deciding Defendants' motions to dismiss is whether the Amended Complaint sufficiently pleads that Defendant NYC DOE provided inadequate pre- and post- deprivation procedural due process required by the Constitution and, should be enjoined and restrained by this Court from withholding pay or terminating pay for employees who failed to comply with the Vaccination Mandate. (*See* Am. Compl. ¶¶ 272-442.)

A procedural due process claim requires a plaintiff to establish that (1) he or she possesses a protected liberty or property interest, and (2) was deprived of that interest without constitutionally adequate process.  *See O'Connor v. Pierson*, 426 F.3d 187, 195-96 (2d Cir. 2005); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002).  Pre-deprivation

processes "need not be elaborate," and "the Constitution
mandates only that such process include, at a minimum, notice
and the opportunity to respond." *See O'Connor*, 426 F.3d at 198
(citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546
(1985)).

For the reasons below, the Court dismisses the
Plaintiffs' allegations that they were not provided
constitutionally sufficient procedural due process by NYC DOE.

### a. Law of the Case Doctrine

Defendants argue that the law of the case doctrine
precludes re-litigation of Plaintiffs' procedural due process
claims,in light of the Court's multiple orders denying
Plaintiffs' motions for preliminary injunction. (ECF No. 116,
DOE Mot. to Dismiss Mem. at 6–11). The law of the case doctrine
holds that a court "may depart from the law of the case for
'cogent' or 'compelling' reasons including an intervening change
in law, availability of new evidence, or 'the need to correct a
clear error or prevent manifest injustice.'" *Johnson v. Holder*,
564 F.3d 95, 99–100 (2d Cir. 2009) (quoting *United States v.
Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002)).

With respect to applying the law as determined in this
Court's preliminary injunction decisions prior to the current
motions to dismiss, the Court notes that the "preliminary
determination of likelihood of success on the merits in a ruling

on a motion for preliminary injunction is ordinarily tentative[.]" *Goodheart Clothing Co., Inc. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 274 (2d Cir. 1992). The Court acknowledges that "[a] party . . . is not required to prove [their] case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (citations omitted).

Thus, the Court need not decide here whether the law of the case doctrine applies to *prevent or compel* this Court's reconsideration of the factual and legal issues discussed in its November 24, 2021 and February 12, 2022 Orders denying Plaintiffs' motions for a preliminary injunction on the same claims. *Cf. Cangemi v. United States*, 13 F.4th 115, 140 (2d Cir. 2021) (the law of the case doctrine is "discretionary and does not limit a court's power to reconsider its own decision prior to final judgment" (quoting V*irgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992))).

For the reasons set forth below, however, the Court determines that the factual findings and legal analysis in the Court's November 21, 2021 and February 11, 2022 Orders may be

useful in considering the Defendants' instant motions to
dismiss.

### b. Plaintiffs' Procedural Due Process Claim

Plaintiffs filed the Amended Complaint after their
First Motion for Preliminary Injunction and the Court's November
24, 2021 Order denying the Plaintiffs' First Motion, and before
Plaintiff's Second Motion for Preliminary Injunction and
February 11, 2022 Order denying the Plaintiffs' Second Motion.
Plaintiffs' allegations in their Amended Complaint and in their
opposition to the Defendants' motions to dismiss are duplicative
of the identical issues before the Court in their two motions
for a preliminary injunction. *In re Peters*, 642 F.3d 381, 386
(2d Cir. 2011) ("The law of the case doctrine, although not
binding, counsels a court against revisiting its prior rulings
in subsequent stages of the same case absent cogent and
compelling reasons, including, *inter alia*, the need to correct a
clear error or prevent manifest injustice.") (internal quotation
marks omitted).

Furthermore, because Plaintiffs sought both a
prohibitory and mandatory injunction in their First and Second
Motions for a Preliminary Injunction, the Court previously
reviewed the merits of Plaintiffs' legal arguments under the
higher pleading standard and found twice that Plaintiffs had
failed to demonstrate a "clear" or "substantial" likelihood of

success on the merits of their procedural due process claims,
rather than merely a likelihood of success. (*See* ECF Nos. 33,
Nov. 24, 2021 Order at 14; 89, Feb. 11, 2022 Order at 12.) *See
also Tom Doherty Assocs. v. Saban Ent., Inc.*, 60 F.3d 27, 33-34
(2d Cir. 1995) (plaintiffs seeking a mandatory injunction must
meet higher standard and must show a "clear" or "substantial"
likelihood of success on the merits); *D.D. ex rel. V.D. v.
N.Y.C. Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (where the
injunctive relief sought is a mandatory injunction, or an
injunction that "alters the status quo by commanding a positive
act," the movant must meet the higher standard of "mak[ing] a
clear or substantial showing of a likelihood of success on the
merits.")

        Accordingly, having reviewed at length the Plaintiffs'
procedural due process allegations in the Amended Complaint and
as articulated in the Plaintiffs' submissions, the Court
determines that the legal analysis in the November 24, 2021 and
February 12, 2022 Orders denying a preliminary injunction
addresses most of the issues presented by Defendants' motions to
dismiss, specifically the sufficiency of Plaintiffs'
allegations. Barring "an intervening change in law" or
"availability of new evidence," discussed further below, the
Court will incorporate its analysis to find *on the merits* that
Plaintiffs' Amended Complaint fails to state viable claims

because: (1) the COH Order was a lawful condition of employment, and (2) the Plaintiffs were adequately notified of the pre- and post-deprivation processes to challenge the pending deprivation of Plaintiffs' continued employment and pay. The facts alleged in the Amended Complaint establish that the pre- and post-deprivation procedures were constitutionally adequate to satisfy Due Process. *Johnson*, 564 F.3d at 99-100.

### c. No New Evidence

The Court notes that it considered the Amended Complaint and its exhibits when making its ruling on the Plaintiffs' Second Motion for Preliminary Injunction on the same issues. (ECF No. 76-12, Second Motion for Preliminary Injunction, Ex. F, Amended Complaint.) *See Sterling v. Deutsche Bank Nat'l Tr. Co. as Trustees for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 725 n. 2 (S.D.N.Y. 2019) ("In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence."). As briefly discussed *supra*, any evidence presented and incorporated in Plaintiffs' Amended Complaint did not, and still does not, alter the Court's considerations when analyzing the procedural due process claims in the Plaintiffs' Second Motion for Preliminary Injunction and the issues in the sufficiency of Plaintiffs' allegations in considering Defendants' motions to dismiss. The Amended Complaint's exhibits included the full

CBAs of Union Defendants, the Impact Arbitration Award, the Declaration of Impasse, and the PERB appointment. (*See* ECF No. 47-1-47-14, Am. Compl., Exs. A to N.)

With their Second Motion for Preliminary Injunction, the Plaintiffs submitted more declarations from Plaintiffs and termination notices along with the Amended Complaint, and the Court found that, "Plaintiffs have not submitted any new or supplemental evidence in support of their instant motion that compels the Court to conclude that any of the adequate and available processes have been withheld from the Plaintiffs." (ECF No. 89, Feb. 11, 2022 Order at 16.) The Court again found that the Plaintiffs did not, because they could not, demonstrate a "clear" or "substantial" likelihood of success on the merits for their procedural due process claims. (*Id.* at 12.)

Here, the Plaintiffs added new exhibits in their opposition motion to Defendants' motions to dismiss, which were not attached or referred to in the Plaintiffs' Amended Complaint.[13] (*See* ECF No. 125-125-7, Graff Aff. and Exs. A to G.) Courts in this Circuit have made clear that a plaintiff may not bolster a deficient complaint through extrinsic

---

[13] Plaintiffs' opposition memorandum included an affirmation from Plaintiffs' counsel Austin Graff, Esq. (ECF No. 125) and six copies of various appeal decisions and copies of notifications from the NYC DOE terminating employees. (ECF No. 125-1-125-7, Ex. A, Arbitrator Scheinman Decision; Ex. B, Arbitrator Peak Decision; Ex. C, Arbitrator McCray Decision; Ex. D, Arbitrator Grey Decision; Ex. E, Arbitrator Reilly Decision; Ex. F, Arbitrator Torrey Decision; Ex. G, Notice of Determinations.)

documents submitted in opposition to a defendant's motion to dismiss. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (holding that plaintiff could not amend her complaint through a legal memorandum filed in opposition to a motion to dismiss); *S B ICE, LLC v. MGN, LLC*, No. 08-CV-3164, 2008 WL 4682152, at *1 n.1 (S.D.N.Y. Oct. 20, 2008) (considering only the complaint, exhibits attached to the complaint, and documents integral to the complaint). If, however, the extrinsic evidence is attached to, incorporated in, or integral to the complaint, it may be considered on a motion to dismiss. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (holding that pleadings are not limited to the four corners of a complaint but can include "'any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'")

The Court finds that Plaintiffs' new exhibits are either not integral to the Amended Complaint's allegations or have previously been considered by the Court when denying the Plaintiffs' motions for preliminary injunction. *Cf. Chambers*, 282 F.3d at 153 ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.")(citation omitted). The factual record, therefore, remains unchanged in

any relevant manner from the time of the filing of the Amended Complaint and the Court's February 11, 2022 Order denying the Plaintiffs' Second Motion for Preliminary Injunction. Considering the sufficiency of the Amended Complaint's factual allegations, the Court finds that Plaintiffs fail to state a claim because they allege facts showing that they were afforded due process prior to the suspension and termination of their employment by DOE. Thus, Plaintiffs' Amended Complaint fails to state claims for violations of Plaintiffs' Due Process Rights.

### d. Intervening Law

Third, there has been no change in intervening law since the Court's November 24, 2021 and February 11, 2022 Orders finding that Plaintiffs' procedural due process rights were not violated, despite a substantial amount of litigation concerning the New York City's Vaccination Mandate.[14]   *See, e.g., Marciano*

---

[14] The Court's procedural due process findings are not based on the process required by state or municipal statutes. Moreover, there has not been a substantial change in intervening law concerning this Court's finding that the Vaccination Mandate was a condition of employment. *See Andre-Rodney v. Hochul*, No. 21-cv-1053 (BKS) (CFH), 2022 WL 3027094 (N.D.N.Y. Aug. 1, 2022) (vaccine was condition of employment for healthcare workers); *D'Cunha v. Northwell Health Sys.*, No. 22-cv-0988 (MKV), 2023 WL 2266520 (E.D.N.Y. Feb. 28, 2023) (same); *Commey v. Adams*, No. 22-CV-0018 (RA), 2022 WL 3286548 (S.D.N.Y. Aug. 11, 2022) (finding vaccination to be condition of employment for porter); *Kane v. de Blasio*, No. 21-CV-7863 (NRB), 2022 WL 3701183 (S.D.N.Y. Aug. 26, 2022) (vaccine was condition of employment); *Marciano*, 589 F. Supp. 3d at 436 (same).   Nearly all other New York state courts to address the issue have found that the Vaccination Mandate was a condition of employment. *Compare Garvey v. City of New York*, 77 Misc. 3d 585 (N.Y. Sup. Ct., Richmond Cnty., Oct. 24, 2022) (finding mandate was not a condition of employment), *with Clarke v. Bd. of Educ. of City Sch.*, Index No. 160787/21, 2023 WL 2124546 (N.Y. App. Div. 1st Dep't, Feb. 21, 2023) (finding mandate was a condition of employment); *Ansbro v. Nigro*, No. 531749/2021 (N.Y. Sup. Ct. Kings Cnty. Sep. 21, 2022) (same); *N.Y.C. Mun. Labor Comm. v. City of N.Y.*, 2022 NY Slip Op. 22121 (N. Y. Sup. Ct. N.Y. Cnty. Apr. 21, 2022)

*v. de Blasio*, 589 F. Supp. 3d 423, 436 (E.D.N.Y. 2022)
(plaintiff received constitutionally sufficient minimum process
for New York City Police Department (NYPD) vaccine policy);
*Kane v. de Blasio*, No. 21-cv-7863 (NRB), 2022 WL 3701183, at *12
(S.D.N.Y. Aug. 26, 2022) (constitutionally sufficient minimum
process was provided for DOE workers); *cf. Donohue v. Hochul*,
No. 21-CV-8463 (JPO), 2022 WL 673636, at *7-9 (S.D.N.Y. Mar. 7,
2022) (public-school mask mandate did not implicate procedural
due process concerns); *Commey v. Adams*, No. 22-CV-0018 (RA),
2022 WL 3286548, at *6 (S.D.N.Y. Aug. 11, 2022) (no procedural
due process concerns because mandate was legislative in nature);
*Collins v. City Univ. of New York*, No. 21-CV-9544 (NRB), 2023 WL
1818547, at *10 (S.D.N.Y. Feb. 8, 2023) (same); *Mongielo v.
Hochul*, No. 22-CV-116-LJV, 2023 WL 2307887, at *17-18 (W.D.N.Y.
Mar. 1, 2023) (same).

    Accordingly, the Court reaches the same conclusions
about Plaintiffs' procedural due process claims as alleged in
their Amended Complaint, and finds that Defendants provided

---

(same); *O'Reilly v. Bd. of Educ. of City Sch. Dist. of City of New York*, No.
16104/21, 2023 WL 2124731, at *1 (N.Y. 1st Dep't, Feb. 21, 2023) (same).
Plaintiffs also argued in a supplemental letter that the Court should
consider an Opinion and Award issued by the Scheinman Defendants in June
2021, filed as an exhibit in a state court case. (ECF 133, Pls. Supp.
Letter.) To the extent the Plaintiffs try to assert that the June 2021
Arbitration Opinion and Award or the ongoing state court case are
"intervening law," as discussed extensively below, the Court bases its
procedural due process finding on constitutional standards, not on state or
municipal standards. Furthermore, given that the June 2021 Arbitration
Opinion and Award does not apply in any way to the Plaintiffs in this case,
the Court finds it unpersuasive. (ECF No. 135, DOE Supp. Letter at 1-2.)

sufficient notice and opportunity to Plaintiffs to satisfy
procedural due process regarding the condition of their
employment that they receive the COVID-19 vaccination.

**III.  Plaintiffs' Opposition to the Motions to Dismiss**

In opposition to the Defendants' motions to dismiss
all of their claims, the Plaintiffs no longer contend that the
Arbitration Awards and CBAs provided inadequate pre- and post-
deprivation procedures, as Plaintiffs had already conceded this
issue in their Second Motion for Preliminary Injunction.  (*See
generally* ECF Nos. 126, Pl. Opp'n Mem.; 89, Feb. 11, 2022 Order
at 19.)  Nor do Plaintiffs dispute that the Vaccination Mandate
itself was a lawful condition of employment, as they had also
conceded this issue in their Second Motion for Preliminary
Injunction.  (*See generally* ECF Nos. 126, Pl. Opp'n Mem.; 89,
Feb. 11, 2022 Order at 21-22. )

Rather than defend the sufficiency of their
allegations, Plaintiffs' opposition memorandum asserts that "if"
the UFT, CSA, and DC-37 Impact Arbitration Awards and Agreements
are invalid under state statutory and case law because
Defendants lacked authority to arbitrate and agree to the Impact
Arbitration Awards, "the pre- and post- deprivation process[es]
were also invalid and therefore, the Court's prior rulings must
be revisited."  (ECF No. 126, Pl. Opp'n Mem. at 9-10.)  The
Plaintiffs specifically assert in their opposition memorandum

that the Union Defendants and DOE lacked authority to enter into
arbitration with the Plaintiffs' unions to resolve their
impasse, and that the arbitration awards violated New York Civil
Service Law § 209 and was contrary to the New York State Court
of Appeals case, *Board of Education of City of School Dist. v.
New York State Public Employment Relations Bd.*, 75 N.Y.2d 660,
671 (1990).

In addition, despite Plaintiffs' concession that the
Vaccination Mandate was a condition of employment, Plaintiffs
also contend in their opposition memorandum that the NYC DOE
violated New York Civil Service Law § 201.4 and argue again that
the Court must also revisit its prior finding that the
Vaccination Mandate was a condition of employment. (ECF No.
126, Pl. Opp'n Mem. at 9-10.)  Thus, Plaintiffs contend that due
to the "illegal, improper" Impact Arbitration Awards and
condition of employment, "the Plaintiffs suffered a denial of
their federal statutory rights, State statutory rights, and
constitutional rights and privileges." (ECF No. 126, Pls.
Opp'n Mem. at 25.)  The Court, however, has already twice found,
and finds again, that the Plaintiffs' constitutional rights to
be notified of, and challenge the implementation of the
Vaccination Mandate under the Due Process Clause were satisfied

by the Defendants' Arbitration Awards and other pre- and post-
deprivation processes.

Moreover, although the Court previously has expressed
doubt that the Plaintiffs had standing to challenge the terms of
the Impact Arbitration Awards negotiated by their unions (ECF
No. 33, Nov. 24, 2021 Order at 15)(*citing Katir v. Columbia
Univ*. 15 F.3d 23, 24-25 (2d Cir. 1994)), the Court need not
resolve the Plaintiffs' Due Process claim based on Plaintiffs'
challenge to the legality of the Impact Arbitration Awards,
because the correct inquiry is whether available state
procedures, state laws and contract rights, satisfy federal
constitutional requirements.  Specifically, the Court defined
the applicable federal constitutional analysis in its February
11, 2022 Order as follows:

> The Court must determine not whether state
> procedural law was correctly followed or
> applied, but rather, whether the processes
> provided by state procedures, contract
> rights, or other available processes satisfy
> constitutional requirements.  To determine
> whether available processes are adequate, the
> Court looks to "[f]ederal constitutional
> standards rather than state statutes [to]
> define the requirements of procedural due
> process." *Robison v. Via*, 821 F.2d 913, 923
> (2d Cir. 1987) (emphasis added); *see also
> Cleveland Bd. of Educ. v. Loudermill*, 470 U.S.
> 532, 541 (1985) ("[O]nce it is determined that
> the Due Process Clause applies, the question
> remains what process is due. . . The answer to
> that question is not to be found in the [state]
> statute.") (internal citation and quotation
> marks omitted); *Russell v. Coughlin*, 910 F.2d

75, 78 n.1 (2d Cir. 1990) ("[T]he fact that
the State may have specified its own
procedures that it may deem adequate for
determining the preconditions to adverse
official action . . . does not settle what
protection the federal due process clause
requires.") (internal quotation marks and
citation omitted). As before, the Court finds
that the processes available to Plaintiffs,
including but not limited to statutes and
contractual procedures, are constitutionally
sufficient.

(*Id.* at 14.)

The Court's prior legal conclusion quoted above
remains valid. Having found that the Impact Arbitration Awards
and other procedures and remedies were constitutionally
sufficient, the Court need not and will not determine whether
the Impact Arbitration Awards are valid under state statutory
and state case law. Indeed, the Second Circuit recently
reiterated that a district court failed to properly assess
whether a defendant's conduct violated the procedural guarantees
of the Due Process Clause where the court examined the due
process claim exclusively by assessing a defendant's failure to
comply with state law. *See Tooly v. Schwaller*, 919 F.3d 165,
172-73 (2d Cir. 2019) ("violation of state law does not *per se*
result in a violation of the Due Process Clause").

Thus, to the extent that Plaintiffs base their
procedural due process claims solely on alleged violations of
state and municipal law, as noted above, their claims fail. *See*

*McDarby v. Dinkins*, 907 F.2d 1334, 1337-38 (2d Cir. 1990) ("When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations."); *Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir. 1987) ("State procedural requirements do not establish federal constitutional rights.  At most, any violation of state procedural requirements would create liability under state law[.]" (citations omitted)).

In their Amended Complaint, the Plaintiffs do not allege any facts plausibly supporting their allegations of "infirmities in the [Awards]," or violation of their Due Process Rights.  (ECF No. 126, Pls. Opp'n Mem. at 8, 17, 23.)  *See also Bell Atl. Corp.*, 550 U.S. 544, 557 (2007).  When considering a Rule 12(b)(6) motion, courts are "not required to credit conclusory allegations or legal conclusions couched as factual allegations."  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted).  Here, the allegations in the Amended Complaint establish that the Awards and the CBAs provided for expedited review and appeal processes for exemptions and accommodations, providing an opportunity to Plaintiffs to be heard in challenging the deprivation of their pay.  *See Ezekwo v. N.Y.C. Health & Hosps. Corp.*, 940 F.2d 775, 786 (2d Cir. 1991) (finding that an  employee's right to be

provided with an opportunity to address concerns before a final decision is made can be "accomplished through informal procedures; no formal hearing [is] required."). Having determined that the Plaintiffs were afforded constitutionally adequate pre- and post- deprivation due process, the Court grants Defendants' motions to dismiss Plaintiffs' due process claims.

## IV. Other Causes of Action

### a. § 1983 Conspiracy

Having dismissed the Plaintiffs' claim that Defendants violated their due process rights, the Court also finds that Plaintiffs' allegations are insufficient to state a plausible conspiracy claim under § 1983 against all Defendants. "To state a § 1983 conspiracy claim, a plaintiff must allege (1) an agreement between two or more state actors, (2) 'to act in concert to inflict unconstitutional injury,' and (3) 'an overt act done in furtherance of that goal causing damages.'" *Barnes v. Abdullah*, No. 11-CV-8168 (RA), 2013 WL 3816586, at *9 (S.D.N.Y. July 22, 2013) (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002)); *Sibiski v. Cuomo*, No. 08-CV-3376 (SJF)(ARL), 2010 WL 3984706, at *6 (E.D.N.Y. Sept. 15, 2010) (citing same). Notably, "[v]ague and conclusory allegations that defendants have engaged in a conspiracy to violate plaintiff's constitutional rights must be dismissed."

35

*Poole v. New York*, No. 11–CV–921 (JFB)(AKT), 2012 WL 727206, at *6 (E.D.N.Y. Mar. 6, 2012); *see also Krug v. McNally*, 368 F. App'x 269, 270 (2d Cir. 2010) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." (alteration in original) (internal quotation marks omitted)). Plaintiff "must allege . . . overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy." *Elmasri v. England*, 111 F. Supp. 2d 212, 218 (E.D.N.Y. 2000) (internal quotation marks omitted).

Plaintiffs allegations fail to state a § 1983 conspiracy claim for several reasons. First, as previously determined, Plaintiffs have not sufficiently alleged an underlying constitutional violation in their Amended Complaint. Therefore, Plaintiffs' § 1983 conspiracy claim fails as a matter of law. *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (a § 1983 conspiracy claim "will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right"); *AK Tournament Play, Inc. v. Town of Wallkill*, No. 09-CV-10579 (LAP), 2011 WL 197216, at *4 (S.D.N.Y. Jan. 19, 2011) ("Plaintiffs' § 1983 conspiracy claims

36

against all Defendants must be dismissed because Plaintiffs have
failed to allege any violation of any cognizable constitutional
right."), *aff'd*, 444 F. App'x 475 (2d Cir. 2011) (summary
order); *Mitchell v. Cnty. of Nassau*, 786 F. Supp. 2d 545, 564
(E.D.N.Y. Mar. 24, 2011) ("[A] § 1983 conspiracy claim fails as
a matter of law where there is no underlying constitutional
violation.").

     Second, the Union Defendants and Scheinman Defendants
are not state actors.  To state a § 1983 conspiracy claim
against a private entity, "the complaint must allege facts
demonstrating that the private entity acted in concert with the
state actor to commit an unconstitutional act." *Spear v. Town
of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992).  The Supreme
Court considers a private actor acting under the color of state
law, when the private actor "is a willful participant in joint
activity with the State or its agents." *Adickes v. S.H. Kress &
Co.*, 398 U.S. 144, 152 (1970).  The Court finds that the
allegations fail to plausibly allege that the Union Defendants
and the DOE were acting in concert with a state actor to deny
Plaintiffs' constitutional rights.  Instead, they were in
inherently adversarial positions because "the Union . . .
represent[ed] [city] employees, and thus must be considered to
be an adversary of the [city] government." *McGovern v. Loc.
456, Int'l Bhd. of Teamsters, Chauffeurs & Warehousemen &*

*Helpers of Am., AFL--CIO*, 107 F. Supp. 2d 311, 317 (S.D.N.Y. 2000).

That the Plaintiffs were disappointed with the Union Defendants' representation does not establish a viable claim of § 1983 conspiracy, especially where the Amended Complaint lacks any factual allegations that the Defendants reached a "meeting of the minds" to violate Plaintiffs' constitutional rights. *Ciambriello*, 292 F.3d at 324 (dismissing claims against union premised on conduct fairly attributable to the state and § 1983 conspiracy because "the very proceeding in which [plaintiff] alleges that [the union] conspired with the County — the arbitration — placed [the union] and the County in adversarial positions"). Instead, because the Union Defendants and DOE were at an impasse, they engaged in the very arbitration that resulted in the challenged Impact Arbitration Awards. The Court also finds that Plaintiff has not alleged sufficient facts to establish that the Scheinman Defendants are state actors, who agreed with DOE and the Unions to deprive Plaintiffs of their Due Process rights, and therefore, Plaintiffs' § 1983 conspiracy claims fail.

Third, Plaintiffs do not proffer any nonconclusory facts regarding the nature of the conspiracy or the overt steps taken by any of the Defendants in furtherance of that conspiracy. Apart from "diffuse and expansive allegations" that

are not "amplified by specific instances of misconduct," *Krug*, 368 F. App'x at 270 (internal quotation marks omitted), the Amended Complaint is bereft of any facts sufficient to give rise to a plausible § 1983 conspiracy claim. In fact, the repeated references in the Amended Complaint merely refer to a conspiracy based on Plaintiffs' vague and conclusory assertions that "[a]s a result of the conspiracy between [all Defendants], the [individual Plaintiff's] constitutional rights have been violated." (ECF No. 47, Am. Compl. ¶¶ 113, 172-75, 183-86, 206-17.) Plaintiffs' bald allegations, however, do not give rise to a plausible inference that Defendants acted in concert to violate Plaintiffs' constitutional rights when, to the contrary, the DOE and Union Defendants entered into arbitrations that resulted in agreements to provide constitutionally required pre- and post- deprivation procedures for the termination of employees who failed to comply with the Vaccination Mandate. The speculative allegations in Plaintiffs' Amended Complaint "constitute the type of vague, conclusory, and general allegations that, standing alone, are routinely found lacking under Rule 12(b)(6)." *Orr ex rel. Orr v. Miller Place Union Free Sch. Dist.*, No. 07-CV-787 (DRH)(AKT), 2008 WL 2716787, at *5 (E.D.N.Y. July 9, 2008) (internal quotation marks omitted); *Rodriguez v. City of New York*, No. 08-CV-4173 (RRM)(RLM), 2012 WL 1059415, at *13 (E.D.N.Y. Mar. 28, 2012) (dismissing

plaintiff's § 1983 conspiracy claim on ground that claim was
based on "vague and broad references" and "sheer speculation").

Accordingly, the Plaintiffs' § 1983 conspiracy claims
against the Defendants are dismissed for failure to state a
claim.

### b. Class Claim

Because Plaintiffs' claims fail to state a claim,
their class allegations also fail. *Cf. Xuedan Wang v. Hearst
Corp.*, No. 12-CV-793 (HB), 2013 WL 105784, at *3 (S.D.N.Y. Jan.
9, 2013) (noting that where court dismissed a claim under Rule
12(c), motion to strike class allegations could be granted as to
that claim.)

## V. Leave to Amend

Under Federal Rule of Civil Procedure 15(a), leave to
amend a complaint "shall be freely given when justice so
requires." Therefore, "[i]t is the usual practice upon granting
a motion to dismiss to allow leave to replead." *Cortec Indus.,
Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)
(citations omitted). A court may, however, dismiss claims
without leave to amend where the proposed amendments would be
futile. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d
Cir. 2008) (*citing Foman v. Davis*, 381 U.S. 178, 182 (1962)).
An amendment to the complaint is futile if the "proposed claim
could not withstand a motion to dismiss pursuant to Rule

40

12(b)(6).” *Dougherty v. Town of N. Hempstead Bd. of Zoning
Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v.
N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).  Leave
to amend may also be denied where previous amendments have not
cured the complaint’s deficiencies.  *Ruotolo*, 514 F.3d at 191
(citing *Foman*, 381 U.S. at 182); *see also De Jesus v. Sears,
Roebuck & Co., Inc.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that
the Second Circuit has “upheld decisions to dismiss a complaint
without leave to replead when a party has been given ample prior
opportunity to allege a claim.” (collecting cases)).

Here, after extensive briefing, evidentiary
submissions, and a show cause hearing, the Court allowed
Plaintiffs an opportunity to amend their complaint.  (ECF No.
33, Nov. 24, 2021 Order; ECF No. 47, Am. Compl.)   Despite the
Court’s detailed analysis of Plaintiffs’ claims in its November
24, 2021 Order, Plaintiffs have again failed to allege facts
supporting their claims.  Under these circumstances, and because
further amendments to the complaint would not cure the
deficiencies discussed in this opinion, any amendment would be
futile.  Plaintiffs’ complaint is, therefore, dismissed with
prejudice.  *See, e.g., Ariel (UK) Ltd. v. Reuters Grp., PLC*, 277
F. App’x 43, 45-46 (2d Cir. 2008) (summary order) (holding that
the district court did not abuse its discretion in not *sua
sponte* granting leave to amend following dismissal of the

complaint where plaintiff "had already amended its complaint once, and any amendment would have been futile.").

**CONCLUSION**

For the reasons set forth above, Defendants' motions to dismiss are GRANTED in their entirety and leave to amend is DENIED. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and close this case.

**SO ORDERED.**

Dated:    March 30, 2023
          Brooklyn, New York


_____
Hon. Kiyo A. Matsumoto

United States District Judge