UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
----------------------------------------------------------X
NICOLE BROECKER, *et al.*
Plaintiffs-Appellants,

DOCKET # 23-655

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, *et al.*
Defendants-Respondents.
----------------------------------------------------------X

**PLAINTIFFS'-APPELLANTS' OPPOSTION TO NYCDOE'S MOTION TO REMOVE APPEAL FROM THE EXPEDITED APPEALS CALENDAR**

The Plaintiffs-Appellants oppose the Motion to remove this appeal from the expedited appeals calendar as filed and submitted by the Defendants-Appellees New York City Department of Education ("NYCDOE") and Meisha Porter ("Porter")[1] (NYCDOE Appellees").

The Plaintiffs-Appellants are current and former employees of the NYCDOE who refused to take a COVID-19 vaccine and were suspended without pay and some

[1] The Plaintiffs-Appellants oppose Porter's substitution for the current NYCDOE Chancellor David C. Banks. The Plaintiffs-Appellants allege that Porter, personally, participated in violating the Plaintiffs-Appellants constitutional rights by permitting, authorizing, and consenting to arbitrations to end the impasses in negotiations between the NYCDOE and the UFT and CSA in violation of N.Y. Civil Service Law § 209.3(f). Porter's personal involvement is at issue in this appeal, not just her official position as Chancellor.

were terminated from their employment for not complying with New York City's COVID-19 Vaccine Mandate Order.

The Plaintiffs'-Appellants' public employee unions, the United Federation of Teachers ("UFT") and Council of Supervisors and Administrators ("CSA") conspired with the "arbitrator" Martin Scheinman ("Scheinman") to permit Scheinman to issue the UFT Arbitration Award or the CSA Arbitration Award, which was a violation of N.Y. Civil Service Law and an abdication of the UFT's and CSA's duty and obligation to the Plaintiffs-Appellants to resolve impasses in negotiations between the NYCDOE and the unions at the bargaining table and not through binding arbitration. *See,* N.Y. Civil Service Law § 209.3(f); *Board of Education of City School Dist. v. New York State Public Employment Relations Bd.*, 75 N.Y.2d 660, 671 (1990); *Matter of Buffalo Teachers Federation v. City School District of the City of Buffalo,* 49 PERB P4560 (2016); *Matter of Greenburgh No. 11 Federation of Teachers v. Greenburgh No. 11 Union Free School District*, 32 PERB P3024 (1999); *Betts v Hoosic Val. Teachers' Asso.,* 86 Misc 2d 964, 966-967 (Sup. Ct. 1976).

The District Court specifically and intentionally ignored the State and municipal law infirmities with the UFT Arbitration Award and the CSA Arbitration

Award when it determined that those documents provided sufficient minimum constitutionally protected due process and thus dismissed the Plaintiffs-Appellants Action. *See,* March 30, 2023 Decision of District Court, at pages 27-28.

The Plaintiffs-Appellants are appealing the District Court's two decisions denying injunctive relief to the Plaintiffs-Appellants and the District Court's decision to grant the Appellees' Motions to Dismiss. *See,* Notice of Appeal.

However, the reason the Plaintiffs-Appellants are appealing the District Court's two denials of injunctive relief in addition to the District Court's decision to dismiss the Action is because the District Court based its decision to dismiss the Action upon its two prior decisions in its decision. *See,* March 30, 2023 Decision District Court, at pages 29-30. In other words, the District Court relied upon and built upon its prior decisions to determine the Appellees' Motions to Dismiss. The Plaintiffs-Appellants are not seeking injunctive relief against the Appellees from this Court if this Court reverses and remands this case back to the District Court.

The Plaintiffs-Appellants' Brief will focus upon the errors made by the District Court when it granted the Appellees' Motions to Dismiss and will address the District Court's prior holdings and determinations made in its prior decisions

because the District Court used those prior holdings and determinations as a basis for granting the Motions to Dismiss. *See,* March 30, 2023 Decision District Court, at pages 29-30.

The NYCDOE Appellees are seeking to delay justice to the Plaintiffs-Appellants who have been severely damaged by the NYCDOE Appellees and the other Appellees as a result of: (1) violation of law (N.Y. Civil Service Law § 209.3(f)); (2) violations of the Plaintiffs'-Appellants' constitutional due process rights; and (3) violation of the Plaintiffs-Appellants' constitutionally protected property interests in their pay.

The NYCDOE Appellees' attempt to delay justice in this matter further harms and prejudices the Plaintiffs-Appellants who suffered and waited for more than eleven months (April 24, 2022 (when the Motions were fully briefed) through March 30, 2023 (when the Court issued its Order)) for the District Court to dismiss their Action and now will have, if the NYCDOE Appellees' Motion is granted, an additional lengthy delay before this Court hears their appeal.

Justice delay is justice denied. Delay for delay sake is not good cause.

There is no good cause for this Court to remove this appeal from the Expedited Appeals Calendar and therefore, the NYCDOE Appellees' Motion should be denied.

## PLAINTIFFS'-APPELLANTS' RESPONSE TO NYCDOE APPELLEES' ARGUMENTS

### A. This Appeal Is Appropriately Placed On The Expedited Appeals Calendar

While the Plaintiffs-Appellants' Notice of Appeal identifies two other decisions of the Motion Court being appealed, the Plaintiffs-Appellants are not seeking injunctive relief (which was the relief sought in those other motions) as a component of the relief sought from this Court in its Brief.

The District Court piggy-backed upon its prior decisions to resolve the Appellees' Motions to Dismiss and without appealing those prior decisions, the Plaintiffs-Appellants feared a jurisdictional and a procedural defect in the appeal if those decisions were not included in their Notice of Appeal. Accordingly, to preserve the jurisdiction, power, and authority of this Court to review and opine regarding the prior decisions of the District Court, the Notice of Appeal included the District Court's prior decisions.

The Plaintiffs-Appellants' Brief will examine, critique, and respond to the District Court's decision on the Motions to Dismiss and will not seek injunctive relief on appeal.

Accordingly, the appeal is properly placed on the Expedited Appeals Calendar since the essence of this appeal is from the District Court's decision to dismiss this Action pursuant to FRCP 12(b)(6).

Finally, the NYCDOE Appellees' reliance upon the fact that *Garland v. New York City Fire Department* has not been placed on the expedited appeals calendar is premature. Counsel for the Plaintiffs-Appellants in this appeal is counsel for the plaintiffs-appellants in *Garland* and to date, the appeal has not been placed on any appeals calendar so it is unclear what calendar *Garland* will be placed on by this Court.

This Court should deny the NYCDOE Appellees' Motion to delay the appeal because no good cause exists to delay.

### B. The NYCDOE Appellees' Workload Can Be Resolved Through Granting The NYCDOE Additional Time To Respond

The NYCDOE Appellees argue that the attorneys' workload is too heavy to meet the Court's deadline in this Appeal based upon anticipated due dates for matters that are not currently scheduled.

The NYCDOE Appellees need to prioritize this case, this appeal, and this matter instead of seeking to delay the matter based upon theoretical and anticipated work that will be due in and around the date the NYCDOE Appellees' opposition brief will be due.

If, when the NYCDOE Appellees' opposition brief is due, and the NYCDOE Appellees' attorneys need additional time to oppose the appeal, then an application can be made for additional time. To delay the whole briefing schedule because the NYCDOE Appellees' counsel may not have the time to write an opposition is not good cause to throw the whole time line for this appeal into flux or into the abyss.

To slow the entire appellate briefing schedule based upon anticipated work load is not good cause to slow the appellate process.

Accordingly, the Court should deny the NYCDOE's Appellees' Motion.

## CONCLUSION

For the reasons stated above, the Plaintiffs-Appellants respectfully request that the Court deny the NYCDOE Appellees' Motion to remove this appeal from the Expedited Appeals Calendar.

Dated: Garden City, New York
May 12, 2023

Respectfully submitted,

THE SCHER LAW FIRM, LLP
*Attorneys for the Plaintiffs-Appellants*

Austin Graff
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-5040
agraff@scherlawfirm.com