# 23-655-cv

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

»»«

NICOLE BROECKER, MICHELLE MARTINO, GINA PORCELLO, AMOURA BRYAN, RENA GELLMAN, FONTINA LAMBOS, KERRY BEN-JACOB, EKATERINA UDINA, ANDREA TICHIO, MARIANNA CIACCA-LISS, ANITA QUASH, KELLY DIXON, FELICIA HAGAN, MARITZA ROMERO, MARIA RUSCELLI, BETZIADA CRUZ, FRANCINE TRAPANI, JEANNINE LAM, JESSICA NARCISO, BRIANNA PEREZ, NICOLETTA MASULLO, ANASTASIA CHRISTOPOULOS,

*(Caption Continued on the Reverse)*

_____

*On Appeal from the United States District Court
for the Eastern District of New York*

## BRIEF FOR DEFENDANTS-APPELLEES
## MARTIN F. SCHEINMAN, SCHEINMAN ARBITRATION
## AND MEDIATION SERVICES, LLC AND SCHEINMAN
## ARBITRATION AND MEDIATION SERVICES

Adonaid C. Medina
Gregg D. Weinstock
VIGORITO, BARKER, PATTERSON,
    NICHOLS & PORTER, LLP
*Attorneys for Defendants-Appellees
    Martin F. Scheinman, Scheinman
    Arbitration and Mediation Services,
    LLC and Scheinman Arbitration and
    Mediation Services*
115 East Stevens Avenue, Suite 206
Valhalla, New York 10595
914-495-4805

FAYE KOTZER, BENEDICT LOPARRINO, YADITZA RODRIGUEZ, RAFAEL TORO, SERINA MENDEZ, DINA HUSSEIN, HERENDYRA PEREYRA, ROSA ABREU, LISA WILLIAMS, JOAN GIAMMARINO, ANDREA JACKSON, MARIA KLAPAKIS, STELLA PORTO, TONIANN MIRAGLIA, ROSEANNA SILVERSTRI INCANTALUPO, JULIA MAVIS, CHRISTOPHER HANSEN, ANNETTE BACKOF, DIANE PAGEN, LYNN PEPE, STEPHANIE EDMONDS, YVONNE COSTELLO, DEBBIE HARTZ, SORAYA SANCHEZ, MONIQUE MOORE, ANGELA VELEZ, SALLY MUSSAFI, JESSICA NICCHIO, DORCA GENAO, RACHEL MANISCALCO, JAMES HOFFMAN, SHARLAYNE JACOBS, CRYSTAL SALAS, FRANCES DIPROSSIMO, CAROLA MARTINEZ-VANBOKKEM, AYSE USTARES, ELIZABETH FIGUEROA, DIANNE BAKER-PACIUS, NICOLE MOORE, ELIZABETH PLACENCIO, DEBBIE BERTRAM, KIMBERLI MADDEN, FRAN SCHMITTER, VICTORIA RUSSO, PAUL CIFARELLI, DANIELLE HEAL, SARA COOMBS-MORENO, LISA SIMO, TAMI BENEDUCE, ZABDIEL VALERA, NATHALIE CHARLES, JANELLE LOTITO, JEANEAN SANCHEZ, MARIE MOSLEY, TARA PALLADINO, DANIELLE MCGUIRE, JULIA HARDING, LEAH KUKLA, STEPHANIE FRANZESE, JULIA BLASIS-MARING, BETH SCHIANO, LAURA SALAMONE, AURA MOODY, AUBREY JOERGENS, MEAGAN VELEZ, JENNIFER ZACCARIELLO, RICHARD JOSEPH, ELIZABETH LOIACONO, LORRAINE MASCIARELLI, DEIDRA STATUTO, ELENI GERASIMOU, HENRIETTA SHAYA,

*Plaintiffs-Appellants,*

*v.*

NEW YORK CITY DEPARTMENT OF EDUCATION, MEISHA PORTER, UNITED FEDERATION OF TEACHERS, LOCAL 2, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, MICHAEL MULGREW, COUNCIL OF SUPERVISORS AND ADMINISTRATORS, MARK CANNIZZARO, DISTRICT COUNCIL 37, AFSCME AFL-CIO, HENRY GARRIDO, SHAUN D. FRANCOIS, I, FRANCINE FRANCIS, MARTIN F. SCHEINMAN, SCHEINMAN ARBITRATION AND MEDIATION SERVICES, LLC, SCHEINMAN ARBITRATION AND MEDIATION SERVICES, DISTRICT COUNCIL 37, AFSCME AFL-CIO, LOCAL 372, DISTRICT COUNCIL 37, AFSCME AFL-CIO, LOCAL 1251,

*Defendants-Appellees.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

RULE 26.1 DISCLOSURE STATEMENT ............................................. 1

PRELIMINARY STATEMENT ......................................................... 2

COUNTER-STATEMENT OF THE ISSUES PRESENTED
FOR REVIEW ................................................................................. 6

COUNTER-STATEMENT OF THE CASE ........................................... 8

    A. The Parties ............................................................................. 8

    B. The New York City Commissioner of Health and Mental
       Hygiene's Vaccine Mandate ................................................... 8

    C. The Impasse and Resulting Mediation and Arbitration ............. 8

    D. The Amended Complaint ....................................................... 10

    E. The Order Appealed .............................................................. 12

    I.      STANDARD OF REVIEW .................................................. 15

ARGUMENTS ............................................................................... 16

    POINT I.    THE APPELLEES LACK STANDING TO
                 CHALLENGE THE ARBITRATION AWARDS
                 DIRECTLY, WHERE THEY WERE NOT
                 PARTIES TO THE ARBIRATION
                 PROCEEDINGS .............................................................. 16

POINT II.   THE DISTRICT COURT PROPERLY
DISMISSED THE FIRST SIX CAUSES OF
ACTION FOR FAILURE TO STATE A CLAIM,
WHERE THE RELIEF SOUGHT  WAS NOT
BASED UPON A SUBSTANTIVE CLAIM
AND, IN ANY EVENT, WAS DUPLICATIVE
OF THE REMAINING CAUSES OF ACTION.........................17

POINT III.   THE SCHEINMAN DEFENDANTS ACTED
WITHIN THEIR STATUTORY AUTHORITY
TO ARBITRATE THE IMPASSE AND ISSUE
BINDING AWARDS .................................................................20

POINT IV.   CONSPIRACY CLAIMS AGAINST THE
SCHEINMAN DEFENDANTS WERE
PROPERLY DISMISSED.............................................................23

POINT V.   APPELLANTS' FAIL TO ACCOUNT FOR
THE ABSULUTE IMMUNITY HELD BY
THE SCHEINMAN DEFENDANTS .........................................26

POINT VI.   THE DISTRICT COURT PROPERLY DENIED
PLAINTIFFS-APPELLANTS' MOTION FOR
LEAVE TO AMEND THE COMPLAINT.................................27

CONCLUSION .......................................................................................28

CERTIFICATE OF COMPLIANCE......................................................29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

1199 SEIU United Healthcare Workers East v. PSC
Cmty. Servs.,
520 F.Supp.3d 588 (S.D.N.Y. 2021)...................................................16

Aetna Life Ins. Co. v. Haworth,
300 U.S. 277 (1937) ........................................................................18

Ajlani v. Chertoff,
545 F.3d 299 (2d Cir.2008)..............................................................15

Ashcroft v. Iqbal,
556 U.S. 622 (2009) ........................................................................15

Astoria Medical Group v. Health Ins. Plan,
11 N.Y.2d 128 (1962) .....................................................................23

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,
493 F.3d 87 (2d Cir. 2007)..............................................................16

Austern v. Chicago Bd. Options Exch., Inc.,
898 F.2d 882 (2d Cir.1990)..............................................................26

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007)....................................................................15, 16

Bellafaire v. Town of Wheatfield,
401 F.Supp.3d 405 (W.D.N.Y. 2019) ..............................................18

Board of Education v. Yonkers Federation of Teachers,
49 A.D.2d 753 (2nd Dept. 1975) .....................................................21

Brown v. Daikin Am., Inc.,
756 F.3d 219 (2d Cir.2014).............................................................15

Cambriello v. County of Nassau,
292 F.3d 307 (2d Cir. 2002).........................................................23, 25

iii

Chevron Corp. v. Naranjo,
    667 F.3d 232 (2d Cir. 2012).................................................................19

City of New York v. Patrolmen's Belevolent Ass'n,
    89 N.Y.2d 380 (1996) ......................................................................21

Corey v. New York Stock Exch.,
    691 F.2d 1205 (6th Cir.1982)............................................................26

Dwares v. N.Y.C.,
    985 F.2d 94 (2d Cir. 1993)................................................................25

Fleischer v. Barnard Coll.,
    2021 U.S.App. LEXIS 34226,
    2021 WL 5365581 (2d Cir. Nov. 18, 2021)......................................16

Global Network Commc'ns, Inc. v. City of New York,
    458 F.3d 150 (2d Cir.2006)...............................................................15

Gregoire v. Citizens Bank,
    2021 U.S. App. LEXIS 27243 (2d Cir.2021) ...................................18

Hayden v. Paterson,
    594 F.3d 150 (2d Cir. 2010)..............................................................15

In re Joint E. & S. Dist. Asbestos Litig.,
    14 F.3d 726 (2d Cir.1993).................................................................18

Jacobs v. Mostow,
    271 F. App'x 85 (2d Cir. March 27, 2008).......................................26

Katir v. Columbia Univ.,
    15 F.3d 23 (2d Cir.1994)...............................................................16, 17

Margiotta v. Kaye,
    283 F. Supp. 2d 857 (E.D.N.Y. 2003) ..........................................21, 22

Matter of City of N.Y.C. Transit Auth. v. Transp.
    Workers Union of Am., Local 10,
    99 N.Y.2d 1 (2002) ...........................................................................22

iv

National Union Fire Ins. Co. v. Karp,
    108 F.3d 17 (2d Cir.1997) ................................................................. 18

Newburg v. Newman,
    69 N.Y.2d 166 (1987) ....................................................................... 21

Ostensen v. Suffolk County,
    236 Fed.Appx. 651 (2007) ................................................................ 23

Pangburn v. Culbertson,
    200 F.3d 65 (2d Cir.1999) ........................................................... 23, 24

Patane v. Clark,
    508 F.3d 106 (2d Cir. 2007) ............................................................. 15

Roller v. Red Payments, LLC,
    2022 U.S.Dist. LEXIS 164986
    (E.D.N.Y Sept. 12, 2022) ................................................................. 18

Skelly Oil Co. v. Phillips Petroleum Co.,
    339 U.S. 667 (1950) ......................................................................... 18

Vedder Software Group, Ltd. v. Ins. Servs. Office,
    545 Fed.Appx 30 (2d Cir. 2013) ....................................................... 15

Webb v. Goord,
    340 F.3d 105 (2d Cir. 2003) ............................................................. 25

Whiteside v. Hover-Davis, Inc.,
    955 F.3d 315 (2 Cir.2021) ................................................................ 15

Wilton v. Seven Falls, Co.,
    515 U.S. 277 (1995) ......................................................................... 18

**Statutes**

42 U.S.C. § 1983 ...................................................................... *passim*

Civil Service Law Article 14, § 209 ....................................................... 20

Civil Services Law § 209 .............................................................. 20, 21

N.Y. Civ. Serv. Law § 75 ...........................................................................11

N.Y. Educ. Law § 3020-1 .......................................................................11

N.Y. Educ. Law § 3020-a .......................................................................11

**Rules**

Fed. R. Civ. Pro. Rules 12(b)(1) ..............................................................11

Fed. Rules of Civ. Pro. 12 (b)(6) ...........................................2, 11, 15, 25

**Constitutional Provisions**

United States Constitution Fourteenth Amendment ...............................11

## <u>RULE 26.1 DISCLOSURE STATEMENT</u>

Defendants-Appellees Scheinman Arbitration and Mediation Services and Scheinman Arbitration and Mediation Services, LLC, hereby certify that they have no corporate parents, affiliates and/or subsidiaries which are publicly held.

## **PRELIMINARY STATEMENT**

Defendants-Appellees Martin F. Scheinman, Scheinman Arbitration and Mediation Services, and Scheinman Arbitration and Mediation Services, LLC (hereinafter collectively "Scheinman Defendants"), submit this brief in opposition to the appeal by Appellants, from the Order of the United States District Court for the Eastern District of New York, Hon. Kiyo A. Matsumoto, U.S.D.J., entered March 30, 2023, and the Judgment entered Mach 31, 2023, dismissing Appellants' Amended Complaint for a failure to state a cause of action, pursuant to Fed. Rules of Civ. Pro. 12 (b)(6).

Appellants are 93 current and former employees of the New York City Department of Education (hereinafter "NYC DOE"). Each of the Appellants are also members of at least one the union defendants, The United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO ("UFT"); Counsel of Supervisors and Administrators ("CSA"), and District Council 37, ("DC 37") (hereinafter collectively the "Union Defendants").

At issue in this action are the arbitration awards resulting from the impasse encountered in bargaining negotiations between the Union Defendants, representing its members, including Appellants, and the NYC DOE, challenging compliance with the order by the New York City Commissioner of Health and Mental Hygiene, issued August 24, 2021, mandating that all NYC DOE employees receive a first dosage of

the COVID-19 Vaccine by September 27, 2021 (hereinafter the "Vaccine Mandate"). A Declaration of Impasse was filed on September 1, 2021 with the New York State Public Employment Relations Board ("PERB"). (JA-745).

Martin F. Scheinman is a private arbitrator and mediator, with defendant-appellee Scheinman Arbitration & Mediation Services, who was appointed by the PERB to mediate the impasse between the Union Defendants and the NYC DOE. (JA-783). The Union Defendants and the NYC DOE submitted to mediation with the Scheinman Defendants, and when an agreement could not be reached, they agreed to proceed with binding arbitration, requesting Arbitrator Scheinman to act as arbitrator.

As a result of the arbitration between NYC DOE and the UFT, Arbitrator Scheinman issued an Impact Bargaining Arbitration Award dated September 10, 2021, (JA-1035)[1] He subsequently issued arbitration awards relative to the disputes between NYC DOE and CSA and DC 37 on September 15, 2021 and October 3, 2021, respectively, which mirrored the Impact Bargaining Arbitration Award. (JA-602-).

Appellants commenced alleging, *inter alia*, that the Scheinman Defendants (1) lacked authority to arbitrate the impasse between the NYC DOE and each of the labor union defendants-appellees—UFT, CSA, and DC 37; and (2) conspired with

---

[1] All references to "JA" are to the "Joint Appendix" filed with his Court on June 5, 2024.

UFT, CSA, and DC 37 to violate Plaintiffs constitutional rights under 42 U.S.C. §1983. Appellants further the arbitration awards, alleging that they have been deprived of their constitutional due process rights. The order and judgment appealed dismissed the Appellants' complaint for failure to state a claim, and this appeal ensued.

As fully set forth below, the District Court properly dismissed the Amended Complaint, and specifically, the claims against the Scheinman Defendants, where the Appellants failed to state a cause of action against them. Nowhere in the Amended Complaint are there any alleged facts sufficient to form a viable pursuant to 42 U.S.C. §1983, by the Scheinman Defendants in reaching the Arbitration Awards. The Scheinman Defendants are not state actors and the Amended Complaint contains no fact, allegation, or legal basis sufficient to state a viable claim against these private defendants. Rather, the Amended Complaint alleges vague, conclusory allegations, none of which amount to facts sufficient to constitute viable claims pursuant to 42 U.S.C. §1983. Appellants fail to challenge the District Court's conclusions that the awards properly and sufficiently provided pre- and post-depravation procedures, sufficient to satisfy the constitutional due process requirements.

Appellants also fail to address the doctrine of arbitral immunity, which affords absolute immunity to the Scheinman Defendants for their acts within their arbitral

capacity. No aspect of the order and judgment of the District Court should be disturbed.

## COUNTER-STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.  Whether the District Court properly dismissed the Amended Complaint as against the Scheinman Defendants, where the Amended Complaint failed to state cause of action against them, as there is no allegation that they acted outside of their arbitral capacity, and therefore, are subject to arbitral immunity.

2.  Whether the District Court properly dismissed the Amended Complaint as against the Scheinman Defendants, where Appellants lack standing to challenge the Impact Arbitration Awards directly, as they were not parties to the arbitration at issue.

3.  Whether the District Court properly dismissed the Amended Complaint for failure to state a cause of action for alleged violation of their Due Process Rights, pursuant to 42 U.S.C. §1983, as against the Scheinman Defendants, where the Amended Complaint does not allege sufficient facts to establish that the Scheinman Defendants are state actors.

4.  Whether the District Court properly dismissed the first six causes of action, upon finding that the sought declaratory and injunctive relief were deficient absent viable substantive claims.

5.  Whether the District Court properly denied the Appellants motion for leave to amend the Amended Complaint, where the Appellants had already amended

the original complaint and pointed to no additional facts or law that would
cure the deficiencies in the pleading.

## COUNTER-STATEMENT OF THE CASE

### A. The Parties

Appellants are current and former employees of the New York City Department of Education ("NYC DOE"). The Appellants were represented in bargaining negotiations by the various Union Defendants.

Martin Scheinman is a well-known private arbitrator and mediator, who, through his mediation services agency, Scheinman Arbitration and Mediation Services, LLC, provides private neutral arbitration and mediation services in the New York City metropolitan area.

### B. The New York City Commissioner of Health and Mental Hygiene's Vaccine Mandate

On August 23, 2021, the Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH") issued an order requiring all NYC DOE employees to show proof of compliance with the Vaccine Mandate, which required a receipt of at least one dose of vaccination against COVID-19 by September 27, 2021. (JA-779-782).

### C. The Impasse and Resulting Mediation and Arbitration

In response to the Vaccination Mandate, the Union Defendants sought to challenge the Vaccine Mandate, and its impact on their respective members. This

resulted in negotiations with the NYC DOE in efforts to resolve disagreements with respect to the implementation of the Vaccine Mandate. (JA-587). On September 1, 2021, the UFT filed a Declaration of Impasse with PERB. (JA-745).

On September 2, 2021, PERB appointed the Scheinman Defendants to mediate the matter. (JA-783-). Mediation sessions between the UFT and the NYC DOE before the Scheinman Defendants were held on September 2, 3, 4, and 5, 2021. (JA-784). After being unable to reach agreement to all the matters at issue, and with the start of the school year to commence September 13, 2021, the parties agreed to move to expedited arbitration and asked the Scheinman Defendants to serve as arbitrator. Arbitration sessions were held on September 6 and 7, 2021. (JA-1038-1039).

The Scheinman Defendants issued an arbitration award ("UFT Impact Arbitration Award"), on September 10, 2021, which established, in relevant part, (1) a processes for religious and medical exemptions and accommodation requests and appeals, (and the ability to remain on the DOE payroll and continued medical benefits coverage while such applications and appeals are pending); (2) options to voluntarily separate from DOE service with certain compensation benefits, or to elect for an extended non-disciplinary leave without pay ("LWOP"), all while maintaining health benefits until September 5, 2022; and (3) that as of December 1, 2021, the NYC DOE may seek to unilaterally separate employees who have not

complied with the Vaccination Mandate, or who have not obtained an approved exemption or accommodation and have not opted for either separation option. (JA-583-601).

The UFT Impact Arbitration Award also delineated an appeal's process for the NYC DOE employees challenging the denial of a request for an exemption.

The remaining unions, including defendants CSA and District 37 engaged in bargaining discussions with the NYC DOE, and ultimately submitted to arbitration with the Scheinman Defendants. Following arbitration between the NYC DOE with CSA and District 37, the Scheinman Defendants issued arbitration awards for CSA and District 37 on September 15, 2021 and October 3, 2021, respectively, which mirrored the Impact Arbitration Award. (JA-602-616, 617-623; 786-800).

Of note, Appellants do not allege that any of them availed himself/herself to the appeal processes established by the arbitration awards.

### D. **The Amended Complaint**

Appellants' Amended Complaint,[2] dated January 10, 2022, contains 10 causes of action, but the crux of their allegations is that the implementation of the

---

[2] Appellants initial complaint, filed November 17, 2021, alleged five causes of action. (JA-49-77). Appellants were granted Appellants' request to file an Amended Complaint, and subsequent request for additional time to make such filing. The Scheinman Defendants were named as defendants for the first time on the Amended Complaint.

Vaccine Mandate, and the arbitration awards that resulted, violate (1) their procedural due process rights under the Fourteenth Amendment of the United States Constitution; (2) their statutory due process protections under N.Y. Educ. Law §§3020-1 and 3020-a or N.Y. Civ. Serv. Law § 75; and their contractual rights to due process protections via their respective collective bargaining agreements ("CBA's"). (JA-960).

Causes of Action one through five allege that the Appellants are entitled to a declaratory judgment, based upon N.Y. Educ. Law §§3020-1 and 3020-a or N.Y. Civ. Serv. Law § 75. The sixth cause of action seeks a permanent injunction and declaration that the Plaintiffs-Appellants rights have been violated.

Causes of Action seven through ten allege violations pursuant to 42 U.S.C. § 1983, alleging that the defendants, including the Scheinman Defendants, engaged in a conspiracy to issue the arbitration awards. It is further alleged that the Scheinman Defendants lacked statutory authority to issue the arbitration awards.

The defendants, including the Scheinman Defendants, moved for dismissal of the Amended Complaint, pursuant to Fed. R. Civ. Pro. Rules 12(b)(1) and 12(b)(6). (JA-1682).

E. **The Order Appealed**

By Memorandum and Order dated March 30, 2023, the District Court granted the defendants' respective motions to dismiss, and dismissed the Amended Complaint in its entirety. (JA-1874-1915). With respect to the first five causes of action for declaratory judgment, the District Court found that the Amended Complaint failed to state a cause of action as declaratory judgment is a form of relief, not a cause of action. The District Court reached the same conclusion with respect to cause of action number six, seeking a permanent injunction.

The District Court found, with respect to the sufficiency of the procedural due process allegations, that those claims had been analyzed and addressed in the District Court's November 24, 2021 and February 12, 2022 orders, denying Appellants' motions for preliminary injunction. Thus, the District Court incorporated its analysis on those two orders, "to find on the merits that Plaintiffs' Amended Complaint fails to state viable claims because: (1) the [Commissioner of Health's] order was a lawful condition of employment (2) the Plaintiffs were adequately notified of the pre-and-post deprivation processes to challenge the pending deprivation of Plaintiffs' continued employment and pay." (SPA-25). The District Court concluded that the facts alleged in the Amended Complaint establish that the pre- and post-depravation procedures were constitutionally adequate to satisfy Due Process, and no new evidence was presented that would change the analysis.

In its November 24, 2011 Memorandum and Order, the District Court found that, while the Appellants had a protected property interests in their continued employment and pay, they had been afforded pre and post-deprivation process that were constitutionally adequate. (SPA-62). Specifically, the District Court cited to the fact that the Appellants received "ample notice[3] of (1) the Vaccination Mandate, (2) their ability to seek religious and medical exemptions and appeals, (3) their placement of LWOP if they continued to be noncompliant with the terms of the Vaccination Mandate, and (4) their options and options and opportunity to respond. (SPA-62-63).

The District Court further concluded that there had been no change in intervening law since the November 24, 2021 and February 11, 2022 Orders. (SPA-28).

With respect to the seventh cause of action, alleging violation of Section 1983 in the form of conspiracy to issue an award between the Scheinman Defendants and the Union Defendants, the District Court found that the Scheinman Defendants and

---

[3] In the November 24, 2011 Memorandum and Order, the District Court cited to the notice provided to the Appellants via the widely publicized Vaccination Mandate, followed by the notice, in the case of the UFT members, of the leave without pay (LWOP) and potential separation process and procedures since September 10, 2021, that date of the issuance of the Impact Arbitration Award. The CSA member employees had notice as of September 15, 2021, and the DC 37 member employees had notice as of October 3, 2021. (SPA-63). On October 2, 2021, Appellants were notified that if they were not incompliance with the Vaccination Mandate, they would be placed on LWOP as of October 4, 2021, and the NYC DOE would seek to separate them as of December 1, 2021. (SPA-63).

13

the Union Defendants are not state actors. (SPA-37). As to the Scheinman Defendants, the District Court found that the Amended Complaint fails to allege facts sufficient to establish that these defendants are state actors, who agreed with the NYC DOE and the Union Defendants to deprive the Appellants of their Due Process rights. The District Court found that, in any event:

> the Amended Complaint is bereft of any facts sufficient to give rise to a plausible §1983 conspiracy claim. In fact, the repeated references in the Amended Complaint merely refer to a conspiracy based on Plaintiffs' vague and conclusory assertions that "[a]s a result of the conspiracy between [all Defendants], the [individual Plaintiff's] constitutional rights have been violated."

(SPA-39).

A Judgment of dismissal was entered on March 31, 2023. (JA-1916).

It is respectfully submitted that the order and judgment appealed should be affirmed in their entirety.

## I. <u>STANDARD OF REVIEW</u>

It is well-settled District Court's dismissal of a complaint, pursuant to FRCP 12(b)(6) is subject to *de novo* review by this Court, using the same standard employed by the district court. <u>Brown v. Daikin Am., Inc.</u>, 756 F.3d 219 (2d Cir.2014<u>)</u>; <u>Ajlani v. Chertoff</u>, 545 F.3d 299 (2d Cir.2008); <u>Patane v. Clark</u>, 508 F.3d 106 (2d Cir. 2007). Furthermore, like the District Court, the Court of Appeals "must accept all well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff." <u>Patane v. Clark</u>, <u>supra</u>, at 2; <u>see also</u>, <u>Vedder Software Group, Ltd. v. Ins. Servs. Office</u>, 545 Fed.Appx 30 (2d Cir. 2013). <u>Global Network Commc'ns, Inc. v. City of New York</u>, 458 F.3d 150, 154 (2d Cir.2006).

Citing to the Supreme Court precedent set forth in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 622 (2009), this Court has found that in evaluating the sufficiency of a complaint "[a] court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010) (quoting <u>Iqbal</u>, 556 U.S. at 679); <u>Whiteside v. Hover-Davis, Inc.</u>, 955 F.3d 315 (2 Cir.2021). The Court, however, "should not accept as true allegations that amount to mere legal conclusions. <u>Iqbal</u>, at 678. The Supreme Court held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678.

Moreover, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555).

Under this standard of review, this Court should affirm the District Court's determinations and dismissal of the Amended Complaint, in their entirety.

## ARGUMENTS

**POINT I. THE APPELLEES LACK STANDING TO CHALLENGE THE ARBITRATION AWARDS DIRECTLY, WHERE THEY WERE NOT PARTIES TO THE ARBIRATION PROCEEDINGS**

The District Court properly concluded that the Appellants lacked standing to challenge the Arbitration Awards. The District Court's reasoning followed this Court's holding in Katir v. Columbia Univ., 15 F.3d 23, 24-25 (2d Cir.1994), that an employee who was not a direct party to an arbitration between her union and her employer, lacked standing to challenge the arbitration award. This Court made the same determination in Fleischer v. Barnard Coll., 2021 U.S.App. LEXIS 34226, 2021 WL 5365581 (2d Cir. Nov. 18, 2021) (finding that employee-plaintiff did not have standing to challenge the arbitration award reached in arbitration between her employer and the union, where she was not a direct party to the arbitration); see also 1199 SEIU United Healthcare Workers East v. PSC Cmty. Servs., 520 F.Supp.3d

16

588, 598 (S.D.N.Y. 2021) ("It is well established that "an individual employee represented by a union [in a labor arbitration] does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties."), quoting <u>Katir v. Columbia Univ.</u>, <u>supra</u>,

The exception to this rule, as pronounced in <u>Katir v. Columbia Univ.</u>, <u>supra</u>, is where the plaintiff/individual employee claims that the union breached its duty of fair representation. Even assuming Appellants had asserted such a claim, however, such would be inapplicable to the Scheinman Defendants. As it pertains to the claims against the Scheinman Defendants, the Amended Complaint seeks to challenge the terms and validity of the arbitration award. Appellants were represented at the arbitration proceedings by their respective unions. Appellants were not direct parties to the arbitration. Under this Court's precedent, Appellants lack standing to challenge the arbitration award on appeal.

Based upon this reasoning alone, the order and judgment appealed should be affirmed with respect to the claims against the Scheinman Defendants.

**POINT II.  THE DISTRICT COURT PROPERLY DISMISSED THE FIRST SIX CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM, WHERE THE RELIEF SOUGHT  WAS NOT BASED UPON A SUBSTANTIVE CLAIM AND, IN ANY EVENT, WAS DUPLICATIVE OF THE REMAINING CAUSES OF ACTION.**

The District Court properly concluded that the first through sixth causes of action request remedies, and not plead facts sufficient to support separate causes of

action.  I§t is well settled that declaratory relief is procedural only.  Aetna Life Ins. Co. v. Haworth, 300 U.S. 277 (1937). This Court has held that:

> The Declaratory Judgment Act does not expand jurisdiction. Nor does it provide an independent cause of action. Its operation is procedural only — to provide a form of relief previously unavailable. Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief.

In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726 (2d Cir.1993); see also National Union Fire Ins. Co. v. Karp, 108 F.3d 17 (2d Cir.1997); Gregoire v. Citizens Bank, 2021 U.S. App. LEXIS 27243 fn.2 (2d Cir.2021) (The Declaratory Judgment Act merely provides an additional remedy to litigants, not an independent an independent cause of action); National Union Fire Ins. Co. of Pittsburg v. Karp, supra; Wilton v. Seven Falls, Co., 515 U.S. 277 (1995); Roller v. Red Payments, LLC, 2022 U.S.Dist. LEXIS 164986 (E.D.N.Y Sept. 12, 2022); Bellafaire v. Town of Wheatfield, 401 F.Supp.3d 405 (W.D.N.Y. 2019). In fact, this Court explained that the statute authorizing the declaratory judgment remedy, the Declaratory Judgment Act, explicitly incorporates the Article III case or controversy limitation. The Supreme Court has, in fact, held that "[a] mere demand for declaratory relief does not by itself establish a case or controversy. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950).

The first five causes of action asserted in the Amended Complaint seek declaratory judgment, which must necessarily be premised upon the substantive

claims. Without existence of valid substantive claims, the procedural relief is void. Here, Appellants argue that the first five causes of action are inter-related and intertwined with the substantive causes of action based upon 42 U.S.C. §1983 and alleged violations of their constitutional rights. However, those causes of action were aptly found to be deficient.

Appellants' reliance on Chevron Corp. v. Naranjo, 667 F.3d 232, 244-245 (2d Cir. 2012), is misplaced and, in fact, that case actually supports the District Court's dismissal of the declaratory judgment and injunctive relief causes of action. In that case, this Court started with the premises that a declaratory judgment relies on a valid legal predicate." Id. at 244. This Court found that the New York Recognition Act allowed a company to challenge the validity of an Ecuadorian court's judgment before parties who obtained the judgment, seeking enforcement in New York. This Court found, however, that while the district court has the "discretion to 'declare the legal rights and other legal relations of any interested party seeking such declaration'", that discretion "does not extend to the declaration of rights that does not exist under law." Id. 244. This Court vacated the district court's preliminary injunction, and remanded to the district court, with instructions that the District Court dismiss the oil company's claims for declaratory and injunctive relief.

Here, the declaratory and injunction causes of action must rely "on a valid legal predicate." Id. at 244. However, as demonstrated *infra*, the substantive claims, or necessary legal predicate, are non-existent here.

**POINT III.**      **THE SCHEINMAN DEFENDANTS ACTED WITHIN THEIR STATUTORY AUTHORITY TO ARBITRATE THE IMPASSE AND ISSUE BINDING AWARDS.**

Contrary to Appellants' continued arguments, the Scheinman Defendants acted with authority in issuing the Arbitration Awards. Notably, Appellants cite to no law, whatsoever, to support any argument that the Scheinman Defendants lacked authority.

Appellants never addressed the showing made by the Scheinman Defendants that Civil Service Law Article 14, §209, known as the "Taylor Law", permits public employers to enter into agreements with recognized or certified employee organizations "setting forth procedures to be invoked in the event of disputes which reach an impasse in the course of collective negotiations. *Such agreements may include the undertaking by each party to submit unresolved issues to impartial arbitration.*" Id.

The Appellants' brief does not dispute that the Civil Service Law grants public employers and employee organization, such as the Union Defendants, the right to submit to arbitration. Civil Services Law §209 provides, in relevant part, that:

> 3. *On request of either party* or upon its own motion, as provided in subdivision two of this section, and in the event the board determines

20

that an impasse exists in collective negotiations between such employee organization and a public employer as to the conditions of employment of public employees, *the board shall render assistance* as follows:

(a) to assist the parties to effect a voluntary resolution of the dispute, the board shall appoint a mediator or mediators' representative of the public from a list of qualified persons maintained by the board; (. . . )

(d) . . . *[if] the impasse continues, the public employment relations board shall have the power to take whatever steps it deems appropriate to resolve the dispute, including* (i) the making of recommendations after giving due consideration to the findings of fact and recommendations of such fact-finding board, but no further fact-finding board shall be appointed and (ii) *upon the request of the parties, assistance in providing for voluntary arbitration.*

Civil Service Law § 209; see Board of Education v. Yonkers Federation of Teachers, 49 A.D.2d 753 (2nd Dept. 1975).

Appellants offer no basis upon which it could be disputed that the Union Defendants, on behalf of its members, have a statutory right, pursuant to the Taylor Law, to choose to mutually agree to a binding arbitration. See also, e.g., Margiotta v. Kaye, 283 F. Supp. 2d 857, 860 (E.D.N.Y. 2003). In fact, in Newburg v. Newman, 69 N.Y.2d 166 (1987), the New York Court of Appeals found that Civil Service Law §209 provides that, if an impasse occurs in collective negotiations involving public employes, compulsory arbitration may be invoked. See City of New York v. Patrolmen's Belevolent Ass'n, 89 N.Y.2d 380 (1996) (finding that under Civil Service Law §209, public employers and collective bargaining representatives of public employees may invoke the assistance of PERB when they reach an impasse

and if mediation fails, they may submit to binding arbitration to resolve the dispute);

Matter of City of N.Y.C. Transit Auth. v. Transp. Workers Union of Am., Local 10,

99 N.Y.2d 1, 8 (2002) (discussing the policy considerations behind the Taylor Law,

and the critical role of arbitration in labor relations and disputes). The Union

Defendants in this case took advantage of their statutory right, and proceeded with

arbitration after attempts at negotiations and mediation failed.

The impasse procedure was discussed in Margiotta v. Kaye, supra:

> The first step of the impasse procedure for all covered employees
> is mediation. Id. §§ 209.3(a), 209.4(a). PERB appoints a
> mediator to assist the parties in reaching a voluntary resolution
> of their dispute. Id. With the exception of employees who are
> eligible for compulsory interest arbitration, if the dispute is still
> not settled, impasses involving all public employees proceed
> next to a fact-finding board which is appointed by PERB to make
> findings and recommendations for resolution of the dispute. Id.
> § 209.3(b)-(d). In the alternative, the parties together may
> voluntarily submit to arbitration. Id. § 209.3(d)(ii).

Here, PERB received the impasse Declarations, and proceeded with

appointing an independent mediator. There was nothing improper or contrary to the

statutory scheme in the appointment of the Scheinman Defendants. The New York

Court of Appeals has held that appointment of arbitrators cannot be challenged

absent something overt, some misconduct on the part of the arbitrator, and not

simply upon a purported interest in the subject matter in controversy or even a

relationship with the party who selected him. Astoria Medical Group v. Health Ins. Plan, 11 N.Y.2d 128 (1962).

When mediation was unsuccessful, each of the Union Defendants and the NYC DOE voluntarily moved to arbitration. The arbitrations were the result of a voluntary agreement between the parties, which the statue specifically permits.

Accordingly, the Scheinman Defendants acted within authority and scope in arbitrating over the impasse between the NYC DOE on the one hand, and UFT, CSA and DC 37 on the other, and issuing binding arbitration awards.

## POINT IV. CONSPIRACY CLAIMS AGAINST THE SCHEINMAN DEFENDANTS WERE PROPERLY DISMISSED

The District Court properly found that the Amended Complaint failed to state causes of action for alleged conspiracy to violate the Appellants' Due Process Rights under 42 U.S.C §1983. To state such a  claim, a plaintiff must allege (1) an agreement between two or more state actors, or a state actor and a private actor; (2) an act in concert to inflict unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages. Pangburn v. Culbertson, 200 F.3d 65 (2d Cir.1999); Cambriello v. County of Nassau, 292 F.3d 307 (2d Cir. 2002); Ostensen v. Suffolk County, 236 Fed.Appx. 651 (2007).

The Amended Complaint fails to allege any non-conclusory, non-speculative facts sufficient meet the minimal pleading requirements. With respect to the Scheinman Defendants, the Amended Complaint alleges that they conspired with

the UFT and NYC DOE to grant the Scheinman Defendants authority to issue the arbitration awards in exchange for a kickback scheme in the form of additional business. The Amended Complaint offers not a single fact to support this conclusory claim.

The Amended Complaint, and all of Appellants' briefings before the District Court and now before this Court, fail to account for the fact that the NYC DOE and the Union Defendants engaged in a quasi-adversarial process, based upon the Union Defendants' disagreement with the Vaccine Mandate and the NYC DOE's enforcement of same. The Scheinman Defendants, well-known in the industry as neutral and knowledgeable arbitrators, and largely engaged by many private and public sector entities, had no affiliation with either the NYC DOE or the Union Defendants. Appellants have not alleged a single non-conclusory fact that would support a theory that the Scheinman Defendants agreed with the NYC DOE and the Union Defendants to act in concert in issuing the arbitration awards with the goal of violating Appellants Due Process rights.

Nor have Appellants pointed to any "overt act" in furtherance of the purported goal of inflicting unconstitutional injury. Pangburn v. Culbertson, supra. The record shows that the Union Defendants and the NYC DOE engaged in mediation sessions with Arbitrator Scheinman, where each side presented arguments and evidence in support of their respective positions. Yet, the Appellants point to no overt act,

communication, or other purported agreement that could establish that the defendants agreed to and conspired to "inflict unconstitutional injury". Even assuming that Appellants had sufficiently pled a constitutional violation, no allegation has been made sufficient to plead an actual agreement between the defendants, sufficient to support a cause of action of alleged conspiracy to violate Appellants' due process rights.

As against the Scheinman Defendants, as private actors, Appellants were required to further allege that they were "willful participant in joint activity with the State or its agents." See Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (internal citations omitted). Importantly, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights" are insufficient. Dwares v. N.Y.C., 985 F.2d 94, 100 (2d Cir. 1993). As such, Plaintiff "must [plead] some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted). The Amended Complaint contains only vague, conclusory and general allegations of a purported conspiracy. This is insufficient to survive a Rule 12(b)(6) motion.

It is clear, therefore that the District Court properly dismissed the purported conspiracy claims as against the Scheinman Defendants.

**POINT V.**     **APPELLANTS' FAIL TO ACCOUNT FOR THE ABSULUTE IMMUNITY HELD BY THE SCHEINMAN DEFENDANTS**

The claims against the Scheinman Defendants—all of which relate to his actions as arbitrator—are barred by the doctrine of arbitral immunity.

It is well settled that under the doctrine of arbitral immunity, arbitrators in agreed-upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process. Austern v. Chicago Bd. Options Exch., Inc., 898 F.2d 882, 886 (2d Cir.1990); Jacobs v. Mostow, 271 F. App'x 85, 88 (2d Cir. March 27, 2008); Corey v. New York Stock Exch., 691 F.2d 1205, 1209 (6th Cir.1982) (holding that the doctrine of arbitral immunity protects arbitrators and their organizations from civil liability for all acts performed in their arbitral capacity).

The Scheinman Defendants were appointed by PERB, and thereafter, the Union Defendants and the NYC DOE agreed to proceed with arbitration and to appoint Arbitrator Scheinman to arbitrate the matter. After mediation and arbitration proceedings, the Scheinman Defendants issued the arbitration awards, within their arbitral capacity.

As a matter of law, Arbitrator Scheinman acted within the scope of the arbitrator and, thus, any and all claims against the Scheinman Defendants are barred by the doctrine of arbitral immunity.

26

**POINT VI. THE DISTRICT COURT PROPERLY DENIED PLAINTIFFS-APPELLANTS' MOTION FOR LEAVE TO AMEND THE COMPLAINT.**

Prior to filing their Amended Complaint, the Appellants were given more than reasonable opportunity to amend their initial pleading. As the District Court noted in its March 30, 2023 Memorandum and Order, in addition to the opportunity to amend the complaint, with additional time granted upon request, there was extensive briefing, evidentiary submissions, a show cause hearing, and an opportunity to amend the complaint. Yet, despite these multiple opportunities to plead their case, the Appellants failed to allege facts supporting their claims. For this reason, the District Court found that "further amendments to the complaint would not cure the deficiencies" in the Amended Complaint. (SPA-41).

It is clear from the history of this matter that giving Appellants further opportunity to amend their complaint would be futile.

## <u>CONCLUSION</u>

For the foregoing reasons, the District Court's order and judgment should be affirmed in their entirety, and the Amended Complaint remain dismissed in favor of the Scheinman Defendants, with prejudice.


Dated:      Valhalla, New York
            July 12, 2023

Respectfully submitted,

VIGORITO, BARKER, PATTERSON,
NICHOLAS & PORTER, LLP

*Adonaid C. Medina*

Adonaid C. Medina
Attorneys for Defendants
*Martin F. Scheinman, Scheinman*
*Arbitration and Mediation Services,*
*and Scheinman Arbitration and Mediation*
*Services, LLC*

28

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitations of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure and Local Rule 32.1(a)(4) because it contains 5,400 words, excluding the parts of the brief exempted by Rule 32(f). This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times Roman 14-point font.

Dated: July 12, 2023

Respectfully submitted,

VIGORITO, BARKER, PATTERSON,
NICHOLAS & PORTER, LLP

*Adonaid C. Medina*

Adonaid C. Medina
Attorneys for Defendants
*Martin F. Scheinman, Scheinman*
*Arbitration and Mediation Services,*
*and Scheinman Arbitration and Mediation*
*Services, LLC*
300 Garden City Plaza, Suite 100
Garden City, New York 11530
(516) 282-3355

29