# 23-655

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

NICOLE BROECKER, MICHELLE MARTINO, GINA PORCELLO, AMOURA BRYAN, RENA GELLMAN, FONTINA LAMBROS, KERRY BEN-JACOB, EKATERINA UDINA, ANDREA TICHIO, MARIANNA CIACCA-LISS, ANITA QUASH, KELLY DIXON, FELICIA HAGAN, MARITZA ROMERO, MARIA RUSCELLI, BETZIADA CRUZ, FRANCINE TRAPANI, JEANNINE LAM, JESSICA NARCISO, BRIANNA PEREZ, NICOLETTA MASULLO,

*(caption continued on inside cover)*

---

On Appeal from the United States District Court
for the Eastern District of New York

---

## BRIEF OF DEFENDANTS-APPELLEES DISTRICT COUNCIL 37, HENRY GARRIDO, SHAUN FRANCOIS, FRANCINE FRANCIS, LOCAL 372 and LOCAL 1251

---

Peter D. DeChiara
Cohen, Weiss and Simon LLP
900 Third Avenue, Suite 2100
New York, NY 10022-4869
(212) 563-4100
pdechiara@cwsny.com

*Attorneys for Defendants-Appellees District Council 37, Henry Garrido, Shaun Francois, Francine Francis, Local 372 and Local 1251*

9927043.11

ANASTASIA CHRISTOPOULOS, FAYE KOTZER, BENEDICT LOPARRINO, YADITZA RODRIGUEZ, RAFAEL TORO, SERINA MENDEZ, DINA HUSSEIN, HERENDYRA PEREYRA, ROSA ABREU, LISA WILLIAMS, JOAN GIAMMARINO, ANDREA JACKSON, MARIA KLAPAKIS, STELLA PORTO, TONIANN MIRAGLIA, ROSEANNA SILVERSTRI INCANTALUPO, JULIA MAVIS, CHRISTOPHER HANSEN, ANNETTE BACKOF, DIANA PAGEN, LYNN PEPE, STEPHANIE EDMONDS, YVONNE COSTELLO, DEBBIE HARTZ, SORAYA SANCHEZ, MONIQUE MOORE, ANGELA VELEZ, SALLY MUSSAFI, JESSICA NICCHIO, DORCA GENAO, RACHEL MANISCALCO, JAMES HOFFMAN, SHARLAYNE JACOBS, CRYSTAL SALAS, FRANCES DIPROSSIMO, CAROLA MARTINEZ-VANBOKKEM, AYSE USTARES, ELIZABETH FIGUEROA, DIANNA BAKER-PACIUS, NICOLE MOORE, ELIZABETH PLACENCIO, DEBBIE BERTRAM, KIMBERLI MADDEN, FRAN SCHMITTER, VICTORIA RUSSO, PAUL CIFARELLI, DANIELLE HEAL, SARA COOMBS-MORENO, LISA SIMO, TAMI BENEDUCE, ZABDIEL VALERA, NATHALIE CHARLES, JANELLE LOTITO, JEANEAN SANCHEZ, MARIE MOSLEY, TARA PALLADINO, DANIELLE MCGUIRE, JULIA HARDING, LEAH KUKLA, STEPHANIE FRANZESE, JULIA BLASIS-MARING, BETH SCHIANO, LAURA SALAMONE, AURA MOODY, AUBREY JOERGENS, MEAGAN VELEZ, JENNIFER ZACCARIELLO, RICHARD JOSEPH, ELIZABETH LOIACONO, LORRAINE MASCIARELLI, DEIDRA STATUTO, ELENI GERASIMOU, and HENRIETTA SHAYA,

*Plaintiffs-Appellants,*

*- against -*

NEW YORK CITY DEPARTMENT OF EDUCATION, MEISHA PORTER, UNITED FEDERATION OF TEACHERS, LOCAL 2, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, MICHAEL MULGREW, COUNCIL OF SUPERVISORS AND ADMINISTRATORS, MARK CANNIZZARO, DISTRICT COUNCIL 37, AFSCME, AFL-CIO, HENRY GARRIDO, SHAUN D. FRANCOIS, I, FRANCINE FRANCIS, MARTIN F. SCHEINMAN, SCHEINMAN ARBITRATION AND MEDIATION SERVICES, LLC, SCHEINMAN ARBITRATION AND MEDIATION SERVICES, DISTRICT COUNCIL 37, AFSCME, AFL-CIO, LOCAL 372, DISTRICT COUNCIL 37, AFSCME AFL-CIO, LOCAL 1251,

*Defendants-Appellees.*

## <u>RULE 26.1 DISCLOSURE STATEMENT</u>

Defendants-Appellees District Council 37, AFSCME, AFL-CIO ("DC 37"); Henry Garrido ("Garrido"); Shaun Francois ("Francois"), Francine Francis ("Francis"), AFSCME Local 372 ("Local 372") and AFSCME Local 1251 ("Local 1251") (together, the "DC 37 Defendants") are not corporations. They have no parent corporations and no stockholders.

i

# **TABLE OF CONTENTS**

**Page(s)**

RULE 26.1 DISCLOSURE STATEMENT.................................................................. i

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ........................... 1

STATEMENT OF THE CASE................................................................................. 2

    The Parties ...................................................................................................... 2

    The Vaccine Mandate .................................................................................... 2

    The DC 37 Agreement.................................................................................... 2

    The Amended Complaint................................................................................ 3

    The District Court's Decision........................................................................ 4

    Plaintiff's Appeal .......................................................................................... 5

SUMMARY OF ARGUMENT ............................................................................... 5

ARGUMENT .......................................................................................................... 5

I.    THE DISTRICT COURT PROPERLY DISMISSED PLAINTIFFS'
    CLAIM IN COUNT 4 FOR A DECLARATION THAT THE DC 37
    AGREEMENT WAS ENTERED INTO WITHOUT
    CONTRACTUAL AUTHORITY ................................................................ 6

II.    THE DISTRICT COURT PROPERLY DISMISSED PLAINTIFFS'
    CLAIMS IN COUNT 9 AND 10 BECAUSE PLAINTIFFS FAILED
    TO STATE A SECTION 1983 CONSPIRACY CLAIM ........................... 7

    A.    The Remaining DC 37 Defendants Did Not Act Under Color of
        State Law in Entering into the DC 37 Agreement ............................... 7

    B.    Plaintiffs Failed to Allege Facts Showing a Violation of Their
        Constitutional Rights......................................................................... 12

    C.    Plaintiffs Failed to Show that Garrido or Francois are Liable for
        a Violation of Plaintiffs' Constitutional Rights ............................... 13

ii

CONCLUSION ...................................................................................... 14

CERTIFICATE OF COMPLIANCE ..................................................... 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist.*,
No. 01-cv-10859 (CM), 2002 WL 1354711 (S.D.N.Y. June 21, 2002) ...................................................................................8

*Callaghan v. United Fed'n of Teachers*,
133 A.D.3d 412 (1st Dep't 2015) .......................................................7

*Ciambriello v. County of Nassau*,
292 F.3d 307 (2d Cir. 2002) .................................................9

*Eaddy v. Jemiola*,
No. 3:11-cv-1081 (MPS), 2013 WL 441077 (D. Conn. Feb. 5, 2013) ...................................................................................8

*Kasper v. City of Middletown*,
352 F.Supp.2d 216 (D. Conn. 2005)...................................................9

*McGovern v. Local 456, Int'l Bhd. of Teamsters, Chauffeurs & Warehousemen & Helpers of Am.*,
107 F.Supp.2d 311 (S.D.N.Y. 2000) ...........................................8, 9, 10

*McIntyre v. Longwood Cent. Sch. Dist.*,
658 F.Supp.2d 400 (E.D.N.Y. 2009), *aff'd*, 380 Fed. Appx. 44 (2d Cir. 2010) ...................................................................................8, 9

*Polk County v. Dodson*,
454 U.S. 312 (1981)...................................................................9

*Rodriguez-Rivera v. City of New York*,
No. 05-cv-10897 (LAP), 2007 WL 766195 (S.D.N.Y. Mar. 12, 2007) ...................................................................................8, 12

iv

## <u>STATEMENT OF THE ISSUES PRESENTED FOR REVIEW</u>

1. Whether the district court correctly dismissed Plaintiffs' request for declaratory relief against the DC 37 Defendants in Count 4 of the amended complaint, when Plaintiffs failed to assert an underlying cause of action.

2. Whether the district court correctly held that Plaintiffs, in Counts 9 and 10, failed to state a conspiracy claim under 42 U.S.C. §1983 ("Section 1983") against the DC 37 Defendants, when Plaintiffs based those claims on nothing other than an agreement that DC 37 negotiated with Defendant-Appellee New York City Department of Education ("DOE") on behalf of employees affected by the vaccine mandate.

## <u>STATEMENT OF THE CASE</u>

<u>The Parties</u>

According to the allegations in Plaintiffs' amended complaint, DOE is a state actor. JA 977 (¶ 121). Plaintiffs are DOE employees. JA 976-77 (¶¶ 119-20). DC 37 is a union and Garrido is its Executive Director. JA 978 (¶¶ 128-29). Local 372 and Local 1251 are local unions affiliated with DC 37 that represent DOE employees. JA 978-79 (¶¶ 128, 130, 132). Francois is Local 372's President and Francis is Local 1251's President. JA 979 (¶¶ 131, 133).

Plaintiffs did not allege that any of the DC 37 Defendants are state actors.

<u>The Vaccine Mandate</u>

On August 24, 2021, the New York City Commissioner of Health issued an order ("Vaccine Mandate") requiring DOE employees, by September 27, 2021, to provide proof that they had received a COVID-19 vaccine. *See* JA 980 (¶ 142), JA 1068-71. The order explained that "vaccination for individuals working in school settings, including DOE buildings and charter school buildings, will potentially save lives, protect public health, and promote public safety." JA 1069.

<u>The DC 37 Agreement</u>

On or about October 3, 2021, DC 37 and Local 372 entered into a negotiated agreement ("the DC 37 Agreement") with DOE. JA 983 (¶¶ 164-65), JA 617-23. The DC 37 Agreement provided a procedure by which DOE

2

employees could seek a medical or religious exemption from the Vaccine Mandate. *See* JA 617-20 (§ I).  The agreement also forestalled until December 1, 2021 any termination of non-compliant employees; before that date, DOE would only place non-compliant employees on unpaid leave.  *See* JA 620 (§ II(A)), JA 622 (§ III(C)).  Moreover, the agreement provided that such leave would be considered non-disciplinary, and that those on leave would continue to enjoy health benefits. *See* JA 620-21 (§ II(A), (C)).  The DC 37 Agreement also gave non-compliant employees the opportunity to return to active duty if they changed their minds and received the vaccine before November 30, 2021.  JA 621 (§ II(D)).

Garrido signed the DC 37 Agreement for DC 37 and Francois signed it for Local 372.  *See* JA 623.  Local 1251 was not a party to the DC 37 Agreement and Francis did not sign it.  *See id.*

The Amended Complaint

In their January 10, 2022 amended complaint, Plaintiffs asserted three counts relevant to the DC 37 Defendants.  In Count 4, they requested an order declaring that the DC 37 Agreement "was entered into without any contractual authority," and therefore that DOE's placing them on leave without pay violated their constitutional rights.  JA 998 (¶ 304).  In Count 9, Plaintiffs claimed under Section 1983 that the DC 37 Defendants, by entering into the DC 37 Agreement, conspired with DOE to violate their constitutional rights.  JA 1012-14 (¶¶ 403-12,

3

414-19). They asserted that, "[a]s a result of the DC 37 Agreement," DOE violated their due process rights by placing them on unpaid leave without first providing them a hearing before an impartial hearing officer. JA 1015 (¶ 430). In Count 10, Plaintiffs claimed that Garrido and Francois, the two union officials who signed the DC 37 Agreement, were liable under Section 1983 for the purported violation of Plaintiffs' constitutional rights. JA 1017-18 (¶¶ 438-42).

Because Local 1251 and Francis were not parties to the DC 37 Agreement, Plaintiffs dismissed their claims against those two defendants. JA 1789 (n.11).

The District Court's Decision

In its March 30, 2023 memorandum and order, the district court dismissed the amended complaint in its entirety, with prejudice. JA 1874-1915. It dismissed Plaintiffs' claims for declaratory relief, including Count 4, because Plaintiffs requested only a remedy, without asserting an underlying cause of action. JA 1892. The court dismissed Plaintiffs' Section 1983 conspiracy claims on multiple grounds, including that Plaintiffs failed to plausibly claim that DC 37 and the other union defendants were acting in concert with a state actor, JA 1910, and that Plaintiffs failed to sufficiently allege an underlying constitutional violation, JA 1909. In finding no underlying constitutional violation, the court held that the

4

Vaccine Mandate was a lawful condition of employment, and that the procedures utilized by DOE satisfied due process. JA 1898.

Plaintiff's Appeal

In their appeal, Plaintiffs argue, among other things, that the district court erred in dismissing their claims against the DC 37 Defendants. *See* Plaintiffs' Br. 46, 68-71.

## SUMMARY OF ARGUMENT

Plaintiffs' claim in Count 4, for declaratory relief regarding the DC 37 Agreement, fails because Plaintiffs alleged no underlying substantive cause of action to support the claim.

Plaintiffs' claims in Counts 9 and 10, asserting a Section 1983 conspiracy claim against the DC 37 Defendants, fail because a union does not conspire with a public employer within the meaning of Section 1983 simply by negotiating an agreement with the employer on behalf of the employees it represents. The claims also fail because there was no underlying constitutional violation.

## ARGUMENT

Because Plaintiffs dismissed their claims against Local 1251 and Francis, *see* Plaintiffs' Br. 71 n.2, the only DC 37 Defendants subject to this appeal are DC 37, Local 372, Garrido and Francois. As explained below, the district court

5

properly dismissed Plaintiffs' claims against those four remaining DC 37 Defendants.

## I. THE DISTRICT COURT PROPERLY DISMISSED PLAINTIFFS' CLAIM IN COUNT 4 FOR A DECLARATION THAT THE DC 37 AGREEMENT WAS ENTERED INTO WITHOUT CONTRACTUAL AUTHORITY

The district court dismissed Plaintiffs' claims for declaratory relief, including in Count 4, because Plaintiffs requested only a remedy, without asserting an underlying substantive cause of action. JA 1892 (*citing KM Enterprises, Inc. v. McDonald*, No. 11-cv-5098(ADS)(ETB), 2012 WL 4472010, at **19-20 (S.D.N.Y. Sept. 25, 2012); *Chiste v. Hotels.com L.P.*, 756 F.Supp.2d 382, 406 (S.D.N.Y. 2010) ("Declaratory judgments and injunctions are remedies, not causes of action.")). On appeal, Plaintiffs assert that their declaratory judgment claims do rest on a substantive cause of action, namely, Section 1983. *See* Plaintiffs' Br. 43. This argument fails, because it has no basis in Plaintiffs' pleading. Count 4 nowhere mentions Section 1983. *See* JA 998. Because Count 4 does not rest on a substantive cause of action, the district court correctly dismissed it.

Even if Plaintiffs' pleading had asserted Section 1983 as Count 4's underlying cause of action, the claim would still fail, since, as the district court

correctly held (and as we explain below), Plaintiffs failed to state a valid cause of action against the DC 37 Defendants under Section 1983.[1]

## II.     THE DISTRICT COURT PROPERLY DISMISSED PLAINTIFFS' CLAIMS IN COUNT 9 AND 10 BECAUSE PLAINTIFFS FAILED TO STATE A SECTION 1983 CONSPIRACY CLAIM

The district court also properly dismissed Plaintiffs' claims in Counts 9 and 10, because Plaintiffs failed to state a Section 1983 conspiracy claim against the DC 37 Defendants.  JA 1908-13.

### A.     The Remaining DC 37 Defendants Did Not Act Under Color of State Law in Entering into the DC 37 Agreement

Counts 9 and 10 failed because the remaining DC 37 Defendants did not act "under color of" state law, 42 U.S.C. §1983, when they entered into the DC 37 Agreement.  Plaintiffs did not contend that the DC 37 Defendants are state actors, nor would there have been any basis for such a contention.  *See Callaghan v. United Fed'n of Teachers*, 133 A.D.3d 412, 412 (1st Dep't 2015) ("Courts in this State have consistently held that unions, even those representing public employees … are not state actors.").  Rather, to try to establish that the remaining

---

[1] Count 4 also fails because it makes no sense to assert that the DC 37 Agreement was entered into "without any contractual authority."  JA 998 (¶¶ 303-04); *see also* Plaintiffs' Br. 46.  The parties to the DC 37 Agreement had *statutory* authority to enter into it.  *See* N.Y. Civ. Serv. L. § 204(1) (authorizing public employers and unions representing their employees "to negotiate and enter into written agreements" determining terms and conditions of employment).  Because the parties had statutory authority, any purported lack of contractual authority is irrelevant.

7

DC 37 Defendants acted under color of state law, Plaintiffs contended that, by entering into the DC 37 Agreement, they conspired with the DOE. *See* JA 986-97 (¶¶ 194-99); *Rodriguez-Rivera v. City of New York*, No. 05-cv-10897 (LAP), 2007 WL 766195, at *3 (S.D.N.Y. Mar. 12, 2007) (union can be liable to plaintiff under Section 1983 if it "conspired with a state official to deprive her of a constitutional right.").

Plaintiffs' contention was meritless. A union does not conspire with a public-sector employer for Section 1983 purposes simply by entering into a negotiated agreement with that employer. *See Eaddy v. Jemiola*, No. 3:11-cv-1081 (MPS), 2013 WL 441077, at *3 (D. Conn. Feb. 5, 2013) (allegation that union defendants negotiated agreement with employer "is not enough to plead that [they] conspired"); *Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist.*, No. 01-cv-10859 (CM), 2002 WL 1354711, at *11 (S.D.N.Y. June 21, 2002) ("The Union did sign a collective bargaining agreement with a public entity, the school district, however, this is not sufficient to establish state action on the part of a labor organization"); *McGovern v. Local 456, Int'l Bhd. of Teamsters, Chauffeurs & Warehousemen & Helpers of Am.*, 107 F.Supp.2d 311, 317 (S.D.N.Y. 2000) ("Mere negotiation in the course of completing a collective bargaining agreement does not rise to the level of an improper conspiracy"); *accord McIntyre v. Longwood Cent. Sch. Dist.*, 658 F.Supp.2d 400, 424 (E.D.N.Y. 2009), *aff'd*, 380

8

Fed. Appx. 44 (2d Cir. 2010). A negotiated union-management agreement is not a

Section 1983 conspiracy because the union has an adversarial role in relation to the

employer. *See Kasper v. City of Middletown*, 352 F.Supp.2d 216, 236 (D. Conn.

2005); *McGovern*, 107 F.Supp.2d at 317; *McIntyre*, 658 F.Supp.2d at 424.

       The particular circumstances of the negotiation, or the particular terms

negotiated, are not relevant to the Section 1983 analysis. They are not relevant

because it is the adversarial nature of the union's role that defeats the conspiracy

claim, and that adversarial role stems from the union's position as representative of

the employees. *See Kasper*, 352 F.Supp.2d at 236 ("When a union represents city

employees in contract negotiations … it is considered to be acting adversely to the

city government and not acting under color of state law"); *McGovern*, 107

F.Supp.2d at 317 ("the Union here represents county employees, and *thus must be*

considered to be an adversary of the county government") (emphasis added); *see*

*also Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (labor

arbitration "placed [the union] and the County in adversarial positions"); *see*

*generally Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (concluding that, for

purposes of Section 1983 analysis, public defender had an adversarial role, not

based on particularities of the case, but simply based on her "functions as counsel

to defendant"). Plaintiffs do not dispute that the remaining DC 37 Defendants

were representing the DOE employees on whose behalf they negotiated the DC 37

Agreement. For Section 1983 purposes, they "thus must be considered,"
*McGovern*, 107 F.Supp.2d at 317, to have functioned in an adversarial role, rather
than a conspiratorial one.

Because Plaintiffs failed to allege facts showing a conspiracy between
the remaining DC 37 Defendants and DOE, the district court correctly dismissed
Plaintiffs' Section 1983 claim against the remaining DC 37 Defendants.

Plaintiffs on appeal argue that DC 37's failure to seek or obtain
membership ratification of the DC 37 Agreement "is evidence" of the purported
conspiracy between DC 37 and DOE. *See* Plaintiffs' Br. 69. This argument makes
no sense. Even absent a membership ratification vote, the DC 37 Agreement was
still an agreement negotiated on behalf of the employees, and that fact defeats any
conspiracy claim. Moreover, while Plaintiffs assert that the absence of a
ratification vote rendered the DC 37 Agreement "procedurally defective,"
Plaintiffs' Br. 68, they cite no case holding, or even suggesting, that the absence of
a membership ratification vote converts a labor-management contract into a
Section 1983 conspiracy.

In any event, there is no basis for Plaintiffs' contention that the lack of
a membership ratification vote rendered the DC 37 Agreement "procedurally
defective." Plaintiffs' Br. 68. Plaintiffs nowhere alleged in their pleading that the
DC 37 Agreement was subject to membership ratification. Nor do Plaintiffs show

10

that membership ratification was required as a matter of law. The cases that Plaintiffs cite, *see* Plaintiffs' Br. 68-69, do not support Plaintiffs' contention that DC 37 had an obligation to seek or obtain membership ratification. Those cases hold only that *if* parties to an agreement have agreed that it will be subject to ratification, a union's duty to bargain in good faith requires the union to seek such ratification. *See Civil Serv. Employees Ass'n*, 45 PERB ¶ 3047, 2012 WL 6106652 (2012) ("*when parties have agreed that a tentative agreement is to be ratified*, each side is affirmatively obligated to present it to their ratifying entity and to support its approval") (emphasis added); *City of Rochester*, 7 PERB ¶ 3060, 1974 WL 372786 (1974) ("employee organization negotiators must work for ratification of their agreement *if ratification is required*") (emphasis added). Indeed, one case Plaintiffs cite noted that "[t]he practice of ratification [of] agreements derives from the authority of the parties and *not from the Law*." *Union Springs Cent. Sch. Tchrs. Ass'n*, 6 PERB ¶ 3074, 1973 WL 340403 (1973) (emphasis added). Because the DC 37 Agreement on its face nowhere indicates that it is subject to membership ratification, and because Plaintiffs' pleading never alleged that the parties made it subject to ratification, there is no basis to conclude that ratification was required.

11

Because Plaintiffs made no showing that the DC 37 Defendants acted under color of state law, the district court correctly dismissed their Section 1983 claims in Counts 9 and 10 against the remaining DC 37 Defendants.[2]

### B. Plaintiffs Failed to Allege Facts Showing a Violation of Their Constitutional Rights

Plaintiffs could not save their Section 1983 claims in Count 9 and 10 even if they could somehow show that the remaining DC 37 Defendants acted under color of state law. That is because, for the reasons the district court explained, Plaintiffs failed to show that they were denied adequate due process. JA 1908. Because Plaintiffs' underlying constitutional violation claim failed, the district court properly held that their Section 1983 claim did too. JA 1909-10 (citing, among other cases, *Mitchell v. County of Nassau*, 786 F.Supp.2d 545, 564 (E.D.N.Y. 2011) ("…. a § 1983 conspiracy claim fails as a matter of law where there is no underlying constitutional violation.")).

---

[2] Plaintiffs assert that by not holding a membership ratification vote, the DC 37 Defendants violated their duty of fair representation ("DFR"). *See* Plaintiffs' Br. 68. That assertion fails since, as explained, the DC 37 Agreement was not subject to ratification. But even assuming the agreement was subject to ratification, and even assuming further that failure to obtain ratification violated the DFR, that would be irrelevant to this lawsuit, since Plaintiffs never asserted a DFR claim in their pleading, nor would the district court have had subject matter jurisdiction over such a claim. *See Rodriguez-Rivera*, 2007 WL 766195, at *3. In any event, a purported DFR claim cannot support a finding of a Section 1983 conspiracy, since the two legal doctrines are distinct.

12

Plaintiffs argue that their constitutional rights were violated because, they assert, the DC 37 Agreement was "procedurally illegal" and "in violation of New York State law." Plaintiffs' Br. 47. However, Plaintiffs give no clue as to how they believe the DC 37 Agreement was procedurally unlawful, other than their baseless assertion, discussed above, that it was subject to membership ratification. For example, in referring to the "infirmities" in the DC 37 Agreement, Plaintiffs cite to paragraphs 155, 156, 157, 162 and 163 of their amended complaint, Plaintiffs' Br. at 49-50, but those paragraphs make no mention of the DC 37 Agreement. JA 981-83.

Thus, Plaintiffs' Section 1983 claims in Counts 9 and 10 fail for the additional reason that the district court properly found that there was no violation of Plaintiffs' constitutional rights.

### C. Plaintiffs Failed to Show that Garrido or Francois are Liable for a Violation of Plaintiffs' Constitutional Rights

Plaintiffs argue, in support of their claims in Count 10, that Garrido and Francois, by "executing the DC37 Agreement," became liable under Section 1983 for the purported violation of Plaintiffs' constitutional rights. Plaintiffs' Br. 70. This argument fails because Garrido and Francois were not state actors and, as explained above, they were not acting under the color of state law within the meaning of Section 1983 by entering into the DC 37 Agreement. The argument

13

also fails because, as the district court correctly held, Plaintiffs did not suffer a

violation of their constitutional rights.

## CONCLUSION

For the foregoing reasons, the Court should affirm the district court's

judgment in favor of the DC 37 Defendants.

Respectfully submitted,

/s/ *Peter DeChiara*
Peter D. DeChiara
Cohen, Weiss and Simon LLP
900 Third Avenue, Suite 2100
New York, New York 10022-4869
(212) 356-0216

*Attorneys for Defendants-Appellees*
*DC 37, Garrido, Francois, Francis,*
*Local 372 and Local 1251*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the page limitation of Fed. R. App. P. 32(a)(7)(A) because, excluding the items referenced in Fed. R. App. P. 32(f), the brief does not exceed 30 pages.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the brief contains a proportionally spaced typeface in 14-point Times New Roman font.