23-655
*Broecker v. N.Y.C. Dep't of Educ.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-three.

PRESENT:

>JOHN M. WALKER, JR.,
>REENA RAGGI,
>RICHARD J. SULLIVAN,
>>*Circuit Judges*.

_____

NICOLE BROECKER, MICHELLE MARTINO, GINA PORCELLO, AMOURA BRYAN, RENA GELLMAN, FONTINA LAMBOS, KERRY BEN-JACOB, EKATERINA UDINA, ANDREA TICHIO, MARIANNA CIACCA-LISS, ANITA QUASH, KELLY DIXON, FELICIA HAGAN, MARITZA ROMERO, MARIA RUSCELLI, BETZIADA CRUZ, FRANCINE TRAPANI, JEANNINE LAM, JESSICA NARCISO, BRIANNA PEREZ, NICOLETTA MASULLO, ANASTASIA CHRSTOPOULOS, FAYE KOTZER, BENEDICT LOPARRINO, YADITZA RODRIGUEZ, RAFAEL TORO, SERINA MENDEZ, DINA HUSSEIN, HERENDYRA PEREYRA, ROSA ABREU, LISA WILLIAMS, JOAN GIAMMARINO, ANDREA JACKSON, MARIA KLAPAKIS, STELLA PORTO,

Toniann Miraglia, Roseanna Silverstri Incantalupo, Julia Mavis, Christopher Hansen, Annette Backof, Diane Pagen, Lynn Pepe, Stephanie Edmonds, Yvonne Costello, Debbie Hartz, Soraya Sanchez, Monique Moore, Angela Velez, Sally Mussafi, Jessica Nicchio, Dorca Genao, Rachel Maniscalco, James Hoffman, Sharlayne Jacobs, Crystal Salas, Frances DiProssimo, Carola Martinez-Van Bokkem, Ayse Ustares, Elizabeth Figueroa, Dianne Baker-Pacius, Nicole Moore, Elizabeth Placencio, Debbie Bertram, Kimberli Madden, Fran Schmittter, Victoria Russo, Paul Cifarelli, Danielle Heal, Sara Coombs-Moreno, Lisa Simo, Tami Beneduce, Zabdiel Valera, Nathalie Charles, Janelle Lotito, Jeanean Sanchez, Marie Mosley, Tara Palladino, Danielle McGuire, Julia Harding, Leah Kukla, Stephanie Franzese, Julia Blasis-Maring, Beth Schiano, Laura Salamone, Aura Moody, Aubrey Joergens, Meagan Velez, Jennifer Zaccariello, Richard Joseph, Elizabeth Loiacono, Lorraine Masciarelli, Deidra Statuto, Eleni Gerasimou, and Henrietta Shaya,

*Plaintiffs-Appellants*,

v.  No. 23-655

New York City Department of Education, Meisha Porter, United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO, Michael Mulgrew, Council of Supervisors and Administrators, Mark Cannizzaro, District Council 37, AFSCME AFL-CIO, Henry Garrido, Shaun D. Francois, I, Francine Francis, Martin F. Scheinman, Scheinman Arbitration and Mediation Services, LLC, Scheinman Arbitration and Mediation Services, District Council 37, AFSCME AFL-CIO, Local 372, District Council 37, AFSCME AFL-CIO, Local 1251,

*Defendants-Appellees*.

―――――――――――――――――――――――――――――――

2

| | |
|---|---|
| **For Appellants:** | AUSTIN GRAFF, The Scher Law Firm, LLP, Garden City, NY. |
| **For Appellees New York City Department of Education and Meisha Porter:** | CHLOE K. MOON (Sylvia O. Hinds-Radix, Richard Dearing, Claude S. Platton, *on the brief*), New York City Law Department, New York, NY. |
| **For Appellees United Federation of Teachers, Michael Mulgrew, Council of Supervisors and Administrators, and Mark Cannizzaro:** | DINA KOLKER, Stroock & Stroock & Lavan LLP, New York, NY. |
| **For Appellees District Council 37, Henry Garrido, Shaun Francois, Francine Francis, Local 372, and Local 1251:** | PETER DECHIARA, Cohen, Weiss and Simon LLP, New York, NY. |
| **For Appellees Martin F. Scheinman, Scheinman Arbitration and Mediation Services, and Scheinman Arbitration and Mediation Services, LLC:** | ADONAID C. MEDINA (Gregg D. Weinstock, *on the brief*), Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 31, 2023 judgment of the district court is **AFFIRMED**.

2

Plaintiffs Nicole Broecker and other current and former employees of the New York City Department of Education (the "DOE") appeal from a judgment of the district court dismissing their claims under 42 U.S.C. § 1983 against the DOE, plaintiffs' unions, and various individuals relating to the implementation and enforcement of New York City's COVID-19 vaccine mandate (the "Vaccine Mandate").[1] Specifically, plaintiffs argue that the district court erred by dismissing their claims against the defendants for violating their Due Process rights by adopting procedures for enforcing the Vaccine Mandate that resulted in the suspension and termination of DOE employees who refused to be vaccinated. Plaintiffs also appeal the district court's two previous denials of their motions for preliminary injunctions to prevent the DOE from implementing and enforcing the Vaccine Mandate. Finally, plaintiffs request leave from this Court to file a second amended complaint, without challenging the district court's denial of that same request. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to resolve the issues on appeal.

---

[1] We treat plaintiffs' suit against the DOE as one against the City of New York, since the DOE "is a non-suable agency of the City." *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (citing N.Y.C. Charter § 396).

3

We review the district court's dismissal of plaintiffs' claims *de novo*, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff[s'] favor." *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011) (internal quotation marks omitted). We review a district court's denial of a motion for preliminary injunction for abuse of discretion. *See Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009). We review *de novo* a district court's denial of leave to amend based on futility. *See City of Pontiac Policemen's and Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014).

In August 2021, the Commissioner of the New York City Department of Health and Mental Hygiene issued an order requiring all DOE employees to show proof of vaccination against COVID-19 by September 27, 2021. In response, the defendant unions sought to negotiate the terms of the Vaccine Mandate to limit its impact on their members. Those negotiations were unsuccessful, so the DOE and two of the defendant unions – the United Federation of Teachers and the Council of Supervisors and Administrators – agreed to enter binding arbitration, with Martin Scheinman serving as the arbitrator. In mid-September, Scheinman issued two largely identical arbitration awards. The remaining defendant union – District

4

Council 37 – reached an agreement with the DOE in early October that mirrored Scheinman's previous arbitration awards. Thus, all plaintiffs "were subject to similar terms regarding the Vaccine Mandate procedures." *Broecker v. N.Y.C. Dep't of Educ.*, 573 F. Supp. 3d 878, 883 (E.D.N.Y. Nov. 24, 2021).

The arbitration awards (1) established a process for requesting religious and medical exemptions and accommodations and appealing adverse determinations; (2) provided options for employees to voluntarily separate from service with certain compensation benefits or to elect an extended leave without pay ("LWOP") until September 5, 2022, during which period they would maintain health benefits; and (3) authorized the DOE to unilaterally separate unvaccinated employees who, as of December 1, 2021, had neither obtained an approved exemption or accommodation, nor opted for separation or extended LWOP. *See id.* at 882; *see also* J. App'x at 599–600, 614–16, 621–22.

On appeal, plaintiffs repeatedly assert that the DOE suspended and terminated their employment "without due process." Pls. Br. 4–9, 18–19, 37–38. But the repetition of a legal conclusion does not state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). To

5

allege a procedural due process violation, a plaintiff must plead facts plausibly showing that he possessed a protected liberty or property interest and that he was deprived of that interest without constitutionally sufficient process. *See O'Connor v. Pierson*, 426 F.3d 187, 195–96 (2d Cir. 2005). Determining whether afforded procedures are constitutionally sufficient requires the court to look to "[f]ederal constitutional standards rather than state statutes." *Robison v. Via*, 821 F.2d 913, 923 (2d Cir. 1987). Generally, procedures provide constitutional due process where a plaintiff is given "a pre[-]termination opportunity to respond, coupled with post-termination administrative procedures as provided by [state] statute." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547–48 (1985); *see also Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001) ("When [a tenured] public employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards.").

Notwithstanding plaintiffs' dogged insistence to the contrary, we agree with the district court that plaintiffs have not pleaded any facts that would suggest that the pre- or post-deprivation processes afforded to them were constitutionally deficient. As to pre-deprivation process, the district court explained that plaintiffs

6

received "ample notice of (1) the Vaccination Mandate, (2) their ability to seek religious and medical exemptions and appeals, (3) their placement on LWOP if they continued to be noncompliant with the terms of the Vaccination Mandate, and (4) their options and opportunity to respond." *Broecker*, 573 F. Supp. 3d at 888. Furthermore, the arbitration awards created "an expedited review process for exemptions and accommodations, providing an opportunity to be heard for [p]laintiffs challenging their placement on LWOP." *Id.* at 889. As to post-deprivation process, plaintiffs had full opportunity to seek "relief through an Article 78 proceeding in New York State Supreme Court," *id.*, which is adequate for due process purposes. *Locurto*, 264 F.3d at 175; *see Loudermill*, 470 U.S. at 547 n.12 ("[T]he existence of post-termination procedures is relevant to the necessary scope of pre[-]termination procedures."); *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 467 (2d Cir. 2006) (indicating that an Article 78 proceeding can provide due process in combination with "minimal" pre-deprivation safeguards).

Rather than point to facts supporting their procedural due process claims, plaintiffs fixate on the defendants' alleged violations of state law when implementing the Vaccine Mandate. In essence, plaintiffs contend that their

7

*unions'* decisions to submit to arbitration regarding the Vaccine Mandate violated New York Civil Service Law § 209.3(f), a statute that they argue stripped *school boards* of the authority to unilaterally resolve union impasses. *See* N.Y. Civ. Serv. Law § 209.3(f); *Betts v. Hoosic Valley Teachers' Ass'n*, 382 N.Y.S.2d 647, 649 (N.Y. Sup. Ct. Apr. 15, 1976). Plaintiffs reason that because arbitration was, in their view, unauthorized under section 209.3(f), the awards resulting from the arbitration "were all procedurally illegal" and "violated [their] constitutional rights." Pls. Br. at 47, 51.

But aside from the fact that section 209.3(f) says nothing about whether unions and school districts may *agree* to enter arbitration, the defendants' compliance or noncompliance with state law is not dispositive of the federal claims in this case. "When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations." *McDarby v. Dinkins*, 907 F.2d 1334, 1337–38 (2d Cir. 1990) (internal quotation marks omitted); *see also Coles v. Erie County*, 629 F. App'x 41, 42 (2d Cir. 2015) ("[T]he question in a [section] 1983 suit claiming deprivation of a property interest without due process is not whether state procedural law was correctly

8

followed or applied, but whether the process actually provided satisfies the requirements imposed by the Constitution."). Thus, plaintiffs' central assertion – that the defendants did not follow the proper state-law procedures when agreeing to arbitration – is insufficient even if we accept it as true.

Insofar as plaintiffs claim that DOE violated their due process rights by placing them on LWOP pursuant to the arbitration awards without following the disciplinary procedures under New York Education Law section 3020-a and New York Civil Service Law section 75, that argument at best challenges the results of the arbitration and the sufficiency under state law of the procedures it established to implement the Vaccine Mandate, which does not by itself state a federal claim.

Perhaps sensing the infirmity of their position, plaintiffs assert for the first time in their reply brief that the medical and religious exemption process was a "sham." Reply Br. at 13. But we have made it clear that "[w]e will not consider an argument raised for the first time in a reply brief." *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003). We therefore conclude that plaintiffs forfeited this argument when they failed to assert it in their opening brief. *See id.* at 115–16.

Plaintiffs also ask us to grant them leave to amend their complaint again, but the district court denied their request for leave to file a second amended

9

complaint, and plaintiffs present no argument at all as to why that decision was wrong. Instead, plaintiffs' request merely "indicate[s] a desire to amend" while failing "to make a showing that the complaint's defects can be cured." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006). We therefore deny the request.

Plaintiffs clearly disagree with their unions' decisions to arbitrate the implementation of the Vaccine Mandate, a decision they insist exceeded the authority of the unions and DOE under state law. But that is not enough to establish a federal procedural due process violation. Because plaintiffs have presented no facts that would call into question the adequacy of the pre- and post-deprivation process afforded them, their federal due process claims – including their derivative conspiracy claims and class claims – must be dismissed. To the extent that any state-law claims remain, we decline to exercise supplemental jurisdiction over those claims and dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). Finally, because the underlying claims have been dismissed, we deny as moot plaintiffs' challenges to the district court's denials of their motions for a

preliminary injunction.  *See Ruby v. Pan Am. World Airways, Inc.*, 360 F.2d 691, 691–92 (2d Cir. 1966).

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court